**Don Mitchell TEDFORD, Appellant,**

**v.**

**David A. HEPTING, Esquire, Assistant District Attorney, David L. Cook, Esquire, District Attorney, Susan Lynn West, Official Court Reporter, Lynda D. Harrison, Official Court Reporter, Edward J. Bayuszik, Official Court Reporter, Dennis Rickard, Sheriff, Edward Gamble, Deputy Sheriff, John A. Doe, Butler County Prison Official, John B. Doe, Butler County Court Official, Appellees.**

No. 91–3304.

United States Court of Appeals, Third Circuit.

Argued March 2, 1992.

Decided March 31, 1993.

Deena J. Schneider (Argued), Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for appellant.

James W. Harvey (Argued), Israel and Wood, P.C., Pittsburgh, PA, for appellees.

Before: STAPLETON and MANSMANN, Circuit Judges, FULLAM, Senior District Judge*.

## OPINION OF THE COURT

FULLAM, District Judge.

In February 1987, plaintiff was tried for first-degree murder and rape; he was convicted and sentenced to death. The Pennsylvania Supreme Court upheld the conviction and sentence. *Commonwealth v. Tedford*, 523 Pa. 305, 567 A.2d 610 (1989).

On February 27, 1989, while the direct appeal of the conviction and sentence was pending, plaintiff brought this civil rights action in the United States District Court for the Western District of Pennsylvania, alleging that the district attorney and various court reporters and other officials of Butler County had conspired to violate his constitutional rights by fraudulently altering the stenographic record of the criminal trial and related proceedings. Plaintiff alleged that evidence favorable to plaintiff had been deleted from the transcript, that the testimony actually given by prosecution witnesses was weaker than the version reflected in the transcripts, and that exhibits had been altered or falsified. The defendants filed a motion for summary judgment on the grounds of absolute and qualified immunity, and also filed a motion to stay all further proceedings until after the criminal appeal was decided. On August 14, 1989, all proceedings were stayed pending the outcome of the criminal appeal.

On October 11, 1989, plaintiff filed an amended complaint, adding as defendants the Butler County sheriff, two deputy sheriffs, and two "John Doe" defendants. The Supreme Court of Pennsylvania affirmed the conviction and sentence on December 13, 1989. On March 29, 1990, the United States Magistrate Judge lifted the stay order, and permitted certain discovery to proceed.

In the course of further proceedings which need not be detailed here, the district court at various times adopted recommendations of the magistrate judge and entered orders to the following effect: (1) refused to dismiss the complaint on grounds of absolute or qualified immunity; (2) refused to dismiss the complaint on grounds of issue-preclusion; (3) permitted various amendments to plaintiff's pleadings; and (4) granted, on abstention grounds, defendants' "request for a stay ... requiring plaintiff to pursue his remedies in Pennsylvania's courts." The abstention order was entered on May 7, 1991, and plaintiff filed his appeal to this court on May 15, 1991.

## I. *THE DISTRICT COURT'S DECISION*[1]

All parties agree that it was proper for the district court to stay all proceedings in this case until plaintiff's criminal appeal was concluded. After the conviction was affirmed, however, plaintiff contended that the district court should proceed to decide the merits of this § 1983 action, while the defendants argued, *inter alia*, that the state court judgment affirming the criminal conviction collaterally estopped plaintiff from further challenging the accuracy of the transcripts of the criminal proceedings,

---

* The Honorable John P. Fullam, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. The opinions of the magistrate judge were approved, in each instance, by the district court, and constitute the operative explanation of the actions forming the subject of this appeal.

and that the court should abstain from deciding the case. The district court rejected defendants' issue-preclusion argument because it found that plaintiff had not been afforded a full and fair opportunity to litigate the factual issues as to the accuracy of the transcripts. On the abstention issue, however, while recognizing that neither *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), nor *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), directly governed this case since there is here no pending state court proceeding, the court nevertheless determined that abstention for reasons of "comity" would be appropriate. The district court pointed out that plaintiff's obvious purpose in pursuing this § 1983 action was to establish a basis for affecting the outcome of later proceedings collaterally attacking his conviction; that, although there is no currently pending state court proceeding upon which to base a *Younger* abstention decision, further proceedings in the state courts were both inevitable and imminent; and that a federal determination on the merits of the § 1983 claim would amount to a significant invasion of state-court prerogatives.

The district court also noted that it was at least a "close question" whether this case so resembled a collateral attack on the validity of plaintiff's conviction that it should be treated as an application for a writ of habeas corpus, with the attendant requirement of exhaustion of state remedies.

## II. *ANALYSIS OF PLAINTIFF'S CLAIMS*

Throughout the proceedings in the district court, plaintiff was acting *pro se*,[2] but his pleadings clearly disclose the nature of his claims, and the relief he seeks. He asserts that each of the defendants played some role in altering or falsifying the state court transcript, including some of the exhibits. His second amended complaint (the operative pleading) requests the following relief: (1) "A declaratory judgment that

the defendants violated the United States Constitution and state and federal laws"; (2) an injunction "ordering corrections of court records"; (3) compensatory damages "in excess of $10,000 against each of the defendants"; (4) punitive damages against each of the defendants; and (5) general relief.

 Analysis properly begins with the observation that plaintiff does not have a constitutional right to a totally accurate transcript of his criminal trial. His constitutional rights would be violated only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding. And, since the jury which convicted plaintiff and sentenced him to death acted on the basis of the evidence they saw and heard, rather than on the basis of the written transcript of the trial—which was, of course, non-existent until after the trial was completed—this means that a constitutional violation would occur only if the inaccuracies in the transcript adversely affected appellate review in the state courts. The threshold question, therefore, is one which was not directly addressed in the district court, namely, whether plaintiff has alleged deficiencies in the trial transcript substantial enough to call into question the validity of the appellate process in the state courts.

A second area of concern is, as mentioned above, whether this action is in reality a collateral attack upon the criminal conviction, maintainable only under 28 U.S.C. § 2254, after exhausting available state remedies; and, if not, whether the district court's decision to abstain was appropriate.

## III. *SUFFICIENCY OF PLAINTIFF'S AMENDED COMPLAINT UNDER § 1983*

At various stages of the proceedings in the district court, the defendants sought summary judgment or dismissal on the basis of immunity, issue-preclusion, and failure to exhaust state remedies. But they have not, so far as the record before this

---

**2.** This court appointed counsel to prosecute the appeal.

court discloses, sought a ruling that the complaint fails to state a claim upon which relief can be granted. This is puzzling, for although plaintiff's pleadings contain many conclusory allegations about conspiracy and about alterations to and inaccuracy of the transcript of proceedings in the trial court, nowhere does plaintiff allege that appellate review was actually impeded or impaired by reason of any such deficiencies. Moreover, the present record includes, in addition to plaintiff's pleadings, a copy of plaintiff's application to the Pennsylvania Supreme Court for extraordinary relief, in which he details a lengthy list of alleged inaccuracies in the transcript—none of which can reasonably be viewed as having much potential for adverse impact upon the fairness of the appellate process. More significantly, the published opinion of the Pennsylvania Supreme Court upholding the conviction and sentence makes it seem highly unlikely that plaintiff's appellate rights could have been significantly affected by the alleged transcript errors. The opinion contains a lengthy and detailed review of the facts of the crime, covering some seven printed pages in the official reports, 523 Pa. at 310–23, 567 A.2d at 612–18; neither in his pleadings nor in any other fashion in this case has plaintiff challenged as inaccurate any of the facts there detailed. And the Pennsylvania Supreme Court specifically noted that the appeal did not involve any challenge to the sufficiency of the evidence (the court nevertheless reviewed the evidence for sufficiency, as required by statute; and found the evidence of plaintiff's guilt "compelling"). It would seem that inaccuracies in the transcription of testimony, alterations of exhibits, and other errors of the sort complained of here could not possibly affect the fairness of appellate review where the sufficiency of the evidence is unchallenged on appeal.

But because this issue was apparently not presented to the district court, and because it is perhaps conceivable that plaintiff could amend his complaint further to state a cognizable constitutional claim, and because of our conclusions on the exhaustion issue as discussed below, we prefer to base our decision on the latter ground.

## IV. SECTION 2254 or SECTION 1983

Plaintiff is seeking a declaration that his constitutional rights to due process and/or equal protection with respect to his criminal appeal have been violated; an injunction mandating correction of the state trial transcripts; and compensatory and punitive damages. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and its progeny make clear that if a prisoner challenges "the fact or length of confinement," then his sole federal remedy is a writ of habeas corpus, 28 U.S.C. §§ 2254, 2255, but if the prisoner is challenging only "the conditions of his confinement," the claim may be pursued under 42 U.S.C. § 1983. In *Wright v. Cuyler*, 624 F.2d 455 (3d Cir.1980), this court ruled that a § 1983 civil rights action was the appropriate vehicle for challenging non-admission to a home-furlough program; and in *Georgevich v. Strauss*, 772 F.2d 1078 (3d Cir. 1985); *cert. denied*, 475 U.S. 1028, 106 S.Ct. 1229, 89 L.Ed.2d 339 (1986), the court reached the same result with respect to challenges to parole procedures. In both cases, it was recognized that success in the § 1983 action might well have some eventual effect on the duration of the prisoners' confinement, but the Court ruled that this indirect consequence was not a sufficient reason to characterize the claims as exclusively maintainable via habeas corpus.

It is also well-established that some kinds of procedural challenges in criminal cases can be asserted in a § 1983 action where release from custody is not the relief sought. Thus, in *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the Court approved extensive declaratory and injunctive relief in a § 1983 class action challenging the constitutionality of state statutes and procedural rules which permitted pre-trial detention of arrestees without any probable-cause determination by a neutral and detached magistrate.

Plaintiff insists that this case falls within the *Gerstein v. Pugh* and *Wright v. Cuyler* holdings, because plaintiff is not asking the court to release him from custody. We disagree. *Wright v. Cuyler* is inapposite

because that plaintiff's challenge did not impugn the validity of the underlying criminal conviction or the legality of confinement; plaintiff sought merely a change in the conditions of his confinement. And in *Gerstein v. Pugh,* the constitutional validity of a method of pretrial procedure, rather than its application to any particular case, was the focus of the challenge. The court noted, not only that the plaintiffs did not seek release from pretrial custody, but also that the pretrial custody of the named plaintiffs had long since terminated, and that, in any event, the validity of the criminal convictions (of those members of the class who were thereafter convicted), would not be affected by the unconstitutionality of the pretrial procedure in question.

In the present case, by way of contrast, the validity of plaintiff's criminal conviction is necessarily at issue. Plaintiff seeks a declaration that his constitutional rights on appeal were violated; that is a direct challenge to the validity of the conviction and the legality of plaintiff's confinement.

■ Plaintiff also seeks (or sought originally; he has expressed willingness to withdraw this claim if necessary to preserve this lawsuit) an injunction requiring the state court to correct the transcript of his criminal trial. Assuming, without deciding, that this kind of intervention by a federal court into the administration of a state court could ever be justified, such justification can only be provided by the United States Constitution. If the state criminal proceeding were still pending, a federal court would be barred by *Younger* from granting the requested relief. Since, in appellant's case, the criminal proceeding is no longer pending, that barrier is overcome; but the relief requested could be justified only on the basis of a finding that the conviction was unconstitutionally obtained—again, a collateral attack upon the validity of the conviction and sentence, hence upon the legality of appellant's confinement. Stated otherwise, a federal court has no jurisdiction to inquire into the accuracy vel non of a state trial transcript in the abstract, but only if an assertion of a constitutional violation triggers the inquiry.

■ Finally, plaintiff is seeking compensatory and punitive damages. But, as observed at the outset, plaintiff cannot have been damaged by the inaccuracies in the transcript or by any of the alleged actions of the defendants, unless and until his conviction and sentence are vacated on constitutional grounds. If the actions complained of did not deprive plaintiff of a fair and adequate appellate review of his conviction, he cannot prevail on his damage claims. This § 1983 action is not the appropriate vehicle for setting aside the conviction and sentence.

In *Harper v. Jeffries,* 808 F.2d 281 (3d Cir.1986), and *Melvin v. Nickolopolous,* 864 F.2d 301 (3d Cir.1988), this court held that a district court, faced with an action seeking both release from confinement and damages for that confinement should stay the damage action until the habeas claim has been exhausted. Plaintiff seeks to avoid this holding by noting that, in *Harper,* the single federal action sought both release from confinement and damages, and in *Melvin,* there was a state habeas corpus proceeding pending at the time the § 1983 federal court action was ruled upon. Plaintiff argues that, since he is not requesting release from confinement in this action, these cases are inapposite. Notwithstanding that distinction, however, we conclude that the *Harper* decision stands as a clear holding that a claim for damages for wrongful confinement is premature so long as that confinement has not been successfully challenged.

In *Williams v. Hepting,* 844 F.2d 138 (3d Cir.), *cert. denied,* 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 107 (1988), this court decided that although, under *Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), there is no requirement of exhaustion in § 1983 actions as a general rule, it is nevertheless appropriate to impose a "limited exhaustion requirement" where the § 1983 action seeks "in essence" to attack the validity of a state court conviction.

We conclude, therefore, that plaintiff cannot obtain relief under 42 U.S.C. § 1983, on the grounds asserted in this case, absent a successful challenge to the underlying conviction. Although the conviction has been upheld on direct appeal, we cannot rule out the possibility that appellant may yet prevail in further collateral proceedings in state or federal court. It follows, under our holding in *Williams v. Hepting, supra,* that the district court correctly decided to abstain.[3]

## V. CONCLUSION

For the reasons discussed above, the order appealed from will be affirmed.

---

**3.** In view of this conclusion, we do not address the issue-preclusion question.