5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Donald Gene HENTHORN, Plaintiff-Appellant,
v.
Howard B. TURRENTINE; William Baldwin; Maria Arroyo; et
al.; Michael J. McCabe; Defendants-Appellees.
 No. 92-56328.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 20, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Henthorn appeals pro se the district court's dismissal of his action brought pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 In his complaint, Henthorn alleged that the defendants conspired to violate his constitutional rights by erasing and altering the tape and transcript of a February 2, 1998 pretrial hearing in which the district court judge allegedly made certain preliminary evidentiary rulings favorable to Henthorn and the Assistant United States Attorney allegedly admitted that the trial would violate the Constitution's Double Jeopardy Clause because of a prior prosecution of Henthorn in Texas.
 
 
 4
 In Henthorn's direct appeal of his conviction, we considered and rejected his claim that his conviction violated the Double Jeopardy Clause and affirmed the district court's evidentiary rulings. See United States v. Henthorn, No. 88-5299, unpublished memorandum (9th Cir. Apr. 18, 1991). In a subsequent 28 U.S.C. Sec. 2255 action filed by Henthorn, we again considered and rejected his double jeopardy claim. In addition, we rejected his contention that the tape of the pretrial hearing had been altered and concluded that "the documents which Henthorn has submitted to this court do not prove that the tape recording of the hearing was altered nor does Henthorn explain exactly how [ ] these tapes, if altered, affected the court's ruling below." United States v. Henthorn, No. 92-50607, unpublished memorandum (9th Cir. Apr. 2, 1993).[1]
 
 
 5
 In reviewing Henthorn's Bivens claim, we find that--even if we construe Henthorn's allegations as true--he has failed to state a cognizable claim.[2] To state a Bivens claim, the plaintiff must allege facts showing that a person acting under color of federal law deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution. Bivens, 403 U.S. at 397.
 
 
 6
 The preservation and accuracy of trial transcripts are constitutionally mandated only to the extent that they are necessary to provide an adequate and effective record for appellate review. See Griffen v. Illinois, 351 U.S. 12, 20 (1956); United States v. Carrillo, 902 F.2d 1405, 1408 (9th Cir.1990) (failure to provide accurate verbatim transcript "does not require a per se rule of reversal ... [r]ather some prejudice to the defendant must occur before reversal will be contemplated"); accord Tedford v. Hepting, 990 F.2d 745, 747 (3rd Cir.1993) ("plaintiff does not have a constitutional right to a totally accurate transcript of his criminal trial ...; a constitutional violation would occur only if the inaccuracies in the transcript adversely affected appellate review").
 
 
 7
 Here, Henthorn contends that statements made by the Assistant United States Attorney at the pretrial hearing, which were allegedly erased or altered, would have shown that the prosecution violated the Double Jeopardy Clause. The existence of double jeopardy, however, is purely a legal determination for the courts regardless of what the Assistant United States Attorney might have opined at the pretrial hearing. Thus, any alteration of the Assistant United States Attorney's pretrial statement on this matter could not affect our prior legal rulings on the issue and did not prejudice Henthorn. Similarly, the district court's alleged reversal of its preliminary decisions concerning the admission of certain evidence does not form the basis for a constitutional violation. Like Henthorn's double jeopardy claim, his challenges to the district court's evidentiary rulings at trial were the subject of appellate review and were found to be meritless. See Henthorn, No. 88-5299, unpublished memorandum at 2-10. Thus, because the alleged alterations did not deprive him of a full and fair appellate review, we find that Henthorn has failed to state a Bivens claim.[3] Accord, Tedford, 990 F.2d at 747 (unless the alteration "deprived plaintiff of a fair and adequate appellate review of his conviction, he cannot prevail on his damages claim"); Coyler v. Ryles, 827 F.2d 315, 316 (8th Cir.1987) (civil complaint for damages was frivolous where plaintiff was not prejudiced by allegedly altered transcript).[4]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Henthorn's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Henthorn's claim are arguably barred on res judicata grounds. See Hawkins v. Risley, 984 F.2d 321, 233-34 (9th Cir.1993). Nevertheless, because we find that he has failed to state a cognizable Bivens claim, we need not reach this issue
 
 
 [2]
 Although the district court dismissed the action on various immunity grounds, we may affirm the district court's decision on any grounds supported by the record. City of Las Vegas v. Clark County, 755 F.2d 697, 701 (9th Cir.1985)
 
 
 [3]
 As the appellees observe, any persons deliberately tampering or altering court transcripts or tapes could be subject to criminal prosecution. See e.g., 18 U.S.C. Sec. 1506, Cal.Penal Code Secs. 115.3, 132
 
 
 [4]
 In any event, we note that most of the defendants are immune from suit under various theories of judicial immunity, prosecutorial immunity, and sovereign immunity. See e.g., Waco v. Mireles, 112 S.Ct. 286, 288-89 (1992); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) (judicial immunity); Burns v. Reed, 111 S.Ct. 1934, 1939 (1991); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Ashelman, 793 F.2d at 1076 (prosecutorial immunity); United States v. Testan, 424 U.S. 392, 399 (1976); Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985) (sovereign immunity)