**Ricky BELL, Plaintiff–Appellant,**

**v.**

**Pamela Ann PETERS and James R. Carter, Defendants–Appellees.**

Nos. 93–1956, 93–2326.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 7, 1994.

Decided Aug. 22, 1994.

Ricky Bell, pro se.

Brian F. Barov, Office of the Atty. Gen., Cr. Appeals Div., Chicago, IL, for Pamela Ann Peters.

Karen L. Kendall, David R. Sinn, David A. Perkins, and Brad A. Elward, Heyl, Royster, Voelker & Allen, Peoria, IL, for James R. Carter.

Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.

PER CURIAM.

*Heck v. Humphrey*, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), affirming on different and far-reaching grounds a decision by this court, has changed the law governing prisoners' civil rights cases in an important respect which we wish to flag for the bench and bar of this circuit. A common type of prisoners' civil rights suit is one in which the prisoner charges that his conviction was procured by unconstitutional conduct. Since such a charge, if sustained, would imply that the conviction was invalid, and thus require that the prisoner be released from the custody in which he was being held under it—the form of relief authorized to state prisoners by the federal habeas corpus statute, 28 U.S.C. § 2254—it has long been the rule that the prisoner had to exhaust his state remedies—just as he would have to do had he brought his suit under the habeas corpus statute—before being allowed to proceed with the civil rights suit. In *Heck* the Supreme Court has now taken the next step, requiring as a prerequisite to maintaining the civil rights suit that the prisoner establish that his conviction *has* been invalidated, whether on direct appeal, in a habeas corpus proceeding, or otherwise.

Bell, the plaintiff in the present case, trips over this threshold, though he can hardly be blamed, since *Heck* came down long after he instituted his suit. Since he is appealing from his prison cell, it may seem obvious that he cannot meet the new requirement and therefore that a remand (as in *Guzman–Rivera v. Rivera–Cruz*, 29 F.3d 3 (1st Cir. 1994)) to allow him to replead would be an exercise in futility. But we cannot be certain. It is possible though unlikely that his conviction was set aside and he is in prison on some other charge. It is also possible and a little less unlikely that the conviction of which he is complaining was set aside but that he was later retried and again convicted; this would limit but not necessarily eliminate his claim to damages for the first conviction.

The state argues that Bell's suit is barred by the statute of limitations. If the argument were clearly meritorious, we could end the case right here. It is not; the applicability of the statute of limitations to this case presents a difficult question that we shall not have to decide if it turns out, as in all likelihood it will, that the suit is barred by the new principle of *Heck v. Humphrey*.

The judgment is vacated and the case remanded for further proceedings consistent with this opinion.