45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Carl REDMOND, Jr., Plaintiff/Appellant,
v.
Charles SCHOCKWEILER, et al. Defendants/Appellees.
 No. 92-4103.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.*
Decided Nov. 23, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 In 1988 Carl Redmond walked into the Civic Center in Evanston, Illinois and shot and killed his girlfriend. In a scuffle that ensued between Redmond and a police officer, who arrived minutes later, Redmond's gun discharged and wounded the officer. Redmond was convicted of the murder of his girlfriend and acquitted of the attempted murder of the police officer in Illinois state court. Redmond brought this action pursuant to 42 U.S.C. Sec. 1983 against the Supervising Assistant State's Attorney, public defender, court-appointed counsel, trial judge, and police officers involved in his case alleging that the they conspired to convict him of murder and to maliciously prosecute him on the attempted murder charge. After allowing Redmond to amend his complaint, the district court dismissed the amended complaint as frivolous, 28 U.S.C. Sec. 1915(d), holding that Redmond had failed to first exhaust his state court remedies and that in any event, the state court's rejection of Redmond's conspiracy claim in a post-trial motion precluded Redmond from further litigating the issue in federal court. The district court also found that Redmond alleged neither a conspiratorial agreement among the defendants to maliciously prosecute him on the attempted murder charge nor a causal connection between the alleged misconduct and the deprivation of Redmond's liberty. Redmond appeals, and we affirm.
 
 
 2
 We review a Sec. 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728 (1992). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In determining whether the district court abused its discretion, we consider, among other things, whether the plaintiff was proceeding pro se and whether the district court should have granted leave to amend the complaint. Denton, 112 S.Ct. at 1733.
 
 
 3
 As a preliminary matter, we hold that Judge Joan Corboy is absolutely immune from Redmond's damages suit. A judge is accorded absolute immunity for judicial acts performed not in the clear absence of jurisdiction. Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). The immunity is not abrogated even if a judge's actions were taken maliciously, id., or on allegations of conspiracy. John v. Barron, 897 F.2d 1387 (7th Cir.), cert. denied, 498 U.S. 821 (1990). Redmond alleged, among other things, that Judge Corboy knowingly elicited false testimony against him, denied him the right to call witnesses in the order he desired, prevented him from locating witnesses and altered transcripts in furtherance of the conspiracy. It is clear that Judge Corboy was sued in her capacity as a judge for decisions made while presiding over Redmond's criminal proceeding. Nothing indicates that she was acting in the clear absence of jurisdiction. Thus, Judge Corboy is accorded absolute immunity.
 
 
 4
 In any event, Redmond's conspiracy claim with respect to his murder conviction is not cognizable under Sec. 1983. In Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), the Supreme Court held that in order to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a Sec. 1983 plaintiff must prove that the conviction or sentence has been invalidated by the state or by a federal writ of habeas corpus. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Sec. 1983." Id. (emphasis in original). Because Redmond charges that his murder conviction was procured by the defendants' allegedly unconstitutional conduct, the claim necessarily calls into question the validity of his conviction. See Bell v. Peters, 33 F.3d 18 (7th Cir.1994). It follows that Redmond has no cause of action under Sec. 1983 until he first proves that his conviction has been invalidated. Redmond, who is still serving his sentence for the murder conviction, has failed to meet the requirement. Thus, his conspiracy to convict claim is not actionable under Sec. 1983 at this stage.
 
 
 5
 But Redmond also alleged that the defendants conspired to maliciously prosecute him for attempted murder, the charge of which he was acquitted. A Sec. 1983 claim for malicious prosecution may be maintained under the Fourth Amendment (as made applicable to the states by the Fourteenth Amendment) if the malicious prosecution committed by state actors resulted in arrest or other seizure.[1] Albright v. Oliver, 114 S.Ct. 807 (1994); see also Smart v. Bd. of Trustees, 34 F.3d 432, 434 (7th Cir.1994) (dictum). To prevail, the Sec. 1983 plaintiff must show a causal connection between the alleged malicious prosecution and the deprivation of his liberty. See Baucher v. Eastern Indiana Production Credit Association, 906 F.2d 332, 334 (7th Cir.1990); Rakovich v. Wade, 850 F.2d 1180, 1190 (7th Cir.1987) (en banc); Button v. Harden, 814 F.2d 382, 383 (7th Cir.1987) (a Sec. 1983 plaintiff must show "not only that his federal rights were violated but also that, had it not been for the violation, the injury of which he complains would not have occurred"); Lossman v. Pekarske, 707 F.2d 288, 291 (7th Cir.1983). Here, Redmond's loss of liberty was not substantially attributable to the alleged malicious prosecution; he would have been detained on the murder count even if the defendants had not pursued the allegedly unfounded attempted murder count. Thus, Redmond cannot claim that the defendant's alleged malicious prosecution deprived him of his liberty.
 
 
 6
 Even if Redmond's pre-trial detention would have been shortened had he not been charged with attempted murder, the existence of probable cause to arrest is an absolute bar to a malicious prosecution claim. Biddle v. Martin, 992 F.2d 674, 678 (7th Cir.1993); Fernandez v. Perez, 937 F.2d 368, 371 (7th Cir.1991); Smith v. City of Chicago, 913 F.2d 469, 473 (7th Cir.1990), cert. denied, 501 U.S. 1217 (1991). Moreover, probable cause need not have existed for the charge for which the defendant was arrested so long as probable cause existed for arrest on a closely related charge. Biddle, 992 F.2d at 676; Richardson v. Bonds, 860 F.2d 1427, 1429 (7th Cir.1988). Redmond does not contest that there was probable cause to arrest him, and thus, his malicious prosecution claim is barred.
 
 
 7
 Finally, Redmond argues that the district court should have warned him that the dismissal of his amended complaint was imminent and ordered him to further amend his complaint. We find no abuse of discretion in the district court's dismissal of Redmond's amended complaint as frivolous. The district court properly found that an arguable claim was indisputably absent in Redmond's allegations, and thus, could conclude that the deficiencies in the complaint could not be cured by amendment. See Smith-Bey v. Hospital Administrator, 841 F.2d 751, 758 (7th Cir.1988).
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Private defendants, who conspire with state officials to deprive another of federal rights, may also be liable for damages under Sec. 1983. See Dennis v. Sparks, 449 U.S. 24, 27-28 & n. 4 (1980); Cunningham v. Southlake Center for Mental Health, 924 F.2d 106, 107-08 (7th Cir.1991). Although Redmond's public defender and court-appointed counsel are both private actors, they can be said to be acting under the color of state law if they willfully participated in joint action with the State or its agents. Polk County v. Dodson, 454 U.S. 312 (1981); see also Tower v. Glover, 467 U.S. 914 (1984)