48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Ricky BELL, Plaintiff-Appellant,
v.
Samuel HOSKINS, et al., Defendants-Appellees.
 No. 91-2447.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.[1]
Decided March 3, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judge.
 
 ORDER
 
 1
 Ricky Bell, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. Sec. 1983. The district court dismissed the suit as untimely filed. However, during the pendency of this appeal, the Supreme Court announced in Heck v. Humphrey, 114 S.Ct. 2364 (1994), that in order to recover damages for an allegedly unconstitutional conviction, a prisoner must establish that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 114 S.Ct. at 2372.
 
 
 2
 Bell specifically alleges that Hoskins, a Peoria police officer, violated his constitutional rights to due process and equal protection when he intimidated a potential witness for the defense. Bell alleges further that the City of Peoria failed to adequately train or supervise Officer Hoskins.[2] A vacated conviction is the obvious consequence of a court's finding that Bell's conviction was unconstitutional. This case therefore attacks the fact of Bell's confinement and falls squarely within Heck v. Humphrey.
 
 
 3
 The defendants argue that the applicable statute of limitations barred Bell's action. Under Heck, however, "the statute of limitations poses no difficulty while the state challenges are being pursued, since the Sec. 1983 claim has not yet arisen." Heck, 114 S.Ct. at 1734. Moreover, as we recently stated in another civil rights case filed by this plaintiff: "If the [government's statute of limitations] argument were clearly meritorious, we could end the case right here. It is not; the applicability of the statute of limitations to this case presents a difficult question that we shall not have to decide if it turns out, as in all likelihood it will, that the suit is barred by the new principle of Heck v. Humphrey." Bell v. Peters, 33 F.3d 18, 18-19 (7th Cir.1994).
 
 
 4
 The district court order is VACATED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 Bell's brief also alludes to Officer Michael West and Officer P. Gibson, and their failure to "adequately question [witnesses] or identify them for further review by the defense."