48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 David L. McCULLAR, Jr., Plaintiff/Appellant,
v.
MILWAUKEE COUNTY CRIME VICTIM WITNESS SUPPORT, Defendant/Appellee.
 No. 93-1214.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1995.*
Decided March 7, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 David L. McCullar, Jr., an inmate at the Columbia Correctional Institution in Wisconsin, brought this action pursuant to 42 U.S.C. Sec. 1983 against the Milwaukee County "Crime Victim--Witness Support." McCullar alleged that during the prosecution of his criminal case, an agent of the defendant tampered with a prosecution witness and coerced testimony from the witness in violation of his Sixth and Fourteenth Amendment right to a fair trial. The district court dismissed the complaint as frivolous, 28 U.S.C. Sec. 1915(d), and McCullar appeals.
 
 
 2
 We review a Sec. 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728 (1992). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). McCullar's claim is legally frivolous. In Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), the Supreme Court held that in order to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a Sec. 1983 plaintiff must prove that the conviction or sentence has been invalidated by the state or by a federal writ of habeas corpus. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Sec. 1983." Id. (emphasis in original). Because McCullar claims that a witness was tampered with in the prosecution of his case, his action necessarily calls into question the validity of his conviction. See Bell v. Peters, 33 F.3d 18 (7th Cir.1994); see also Channer v. Mitchell, No. 94-2114, 1994 U.S.App. (2d Cir. Dec. 19, 1994). It follows that McCullar has no cause of action under Sec. 1983 until he first proves that his conviction has been invalidated. McCullar has failed to meet the requirement. Thus, his action is not cognizable under Sec. 1983 at this time.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the brief and record