53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Harold W. MOSES, Plaintiff/Appellant,
v.
John McGRATH, James Walton, Robert Harris, et al.,
Defendants/Appellees.
 No. 94-1856.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 1, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Harold W. Moses was convicted by an Indiana state court of a drug offense on December 17, 1989. After he was released from state custody, Moses filed this action under 42 U.S.C. Sec. 1983 against his counsel in the state criminal proceeding, several police officers of the Gary, Indiana police department, the prosecutor, and the trial judge, alleging that the defendants conspired to violate his Fourth, Fifth and Fourteenth Amendment rights by conducting an illegal search and seizure on July 30, 1987, and by using the evidence produced from that illegal search and seizure to convict him. The district court denied leave to proceed in forma pauperis under 28 U.S.C. Sec. 1915(d), ruling that the suit, filed on November 19, 1993, is untimely and therefore frivolous. Moses appeals.
 
 
 2
 We review a Sec. 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728 (1992). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moses appears to be contesting both the validity of his state drug conviction and the legality of the July 30, 1987 search and seizure. To the extent Moses is alleging that his state conviction was procured by the defendants' allegedly unconstitutional conduct, the claim is not cognizable under Sec. 1983 at this time. In Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), the Supreme Court held that a person may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" until the conviction or sentence has been set aside by the state or by a federal writ of habeas corpus. Moses's claim that the defendants used illegally obtained evidence to convict him necessarily calls into question the validity of his conviction. See Bell v. Peters, 33 F.3d 18 (7th Cir.1994). Moses does not establish that his conviction has been nullified. Thus, any action under Sec. 1983 challenging his conviction or incarceration is too early.
 
 
 3
 Moses also appears to contest the legality of the July 1987 search and seizure. This claim is not barred by Heck v. Humphrey because claims under the Fourth Amendment generally do not impeach of the validity of a conviction. Because of doctrines like independent source, inevitable discovery, and harmless error, a Sec. 1983 action challenging the legality of a search, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. Heck, 114 S.Ct. at 2372 n. 7. But cf. Well v. Bonner, No. 93-1598, (5th Cir. Feb. 17, 1995) (conviction for resisting a search must be invalidated before Sec. 1983 plaintiff may bring a damages suit for Fourth Amendment violation because in order to prevail in the Sec. 1983 action, plaintiff would have to negate an element of the offense of which he has been convicted) (citing Heck, 114 S.Ct. at 2372 n. 6). Because an illegal search and seizure may be followed by a valid conviction, it is generally not necessary to have a conviction set aside to pursue a Sec. 1983 claim under the Fourth Amendment. See Haring v. Prosise, 462 U.S. 306 (1983); Smith v. Springer, 859 F.2d 31 (7th Cir.1988). Thus, Moses's Fourth Amendment claim is not controlled by Heck.
 
 
 4
 Moses's Fourth Amendment claim, however, is untimely. It accrued when Moses had knowledge of the injury, see Honda v. Sterling, 21 F.3d 775, 777 (7th Cir.1994), which was on July 30, 1987, the day of the allegedly unreasonable search and seizure. The statute of limitation applicable to Sec. 1983 actions arising out of acts in Indiana is two years. See Wilson v. Garcia, 471 U.S. 261, 279 (1985); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir.1993); Ind.Code Ann. Sec. 34-1-2-2-(1). Moses filed his action on November 19, 1993, more than four years after the limitation period had expired. Thus, his claim is time-barred.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the appellant's brief and record