USCA1 Opinion

 

 January 10, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1345 JOSE L. RODRIGUEZ, Plaintiff, Appellant, v. JUDD J. CARHART, ET AL., Defendants, Appellees.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________  ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________  ____________________ Jose L. Rodriguez on brief pro se. _________________ Walter B. Prince and Peckham, Lobel, Casey, Prince & Tye on brief ________________ ___________________________________ for appellee Judd Carhart. George Criss on brief pro se. ____________ Lisa Poblocki and Dolores E. O'Neill on brief for appellee Robert _____________ __________________ Craig. Scott Harshbarger, Attorney General, and Elisabeth J. Medvedow, _________________ ______________________ Assistant Attorney General, on brief for appellee Sydney Hanlon.  ____________________  ____________________ Per Curiam. Jose Rodriguez appeals from a district __________ court judgment dismissing his civil rights claim under 42 U.S.C. 1983, together with pendent state-law claims. His section 1983 claim charged that prosecutor Sydney Hanlon, defense counsel Judd Carhart, court officer Robert Craig, and court reporter George Criss conspired to ensure his conviction by unconstitutional means and to cover up their misconduct by withholding, losing or altering critical transcripts. We affirm the district court's dismissal ruling, in accordance with Heck v. Humphrey, 114 S. Ct. 2364 ____ ________ (1994), but remand to permit entry of a judgment of dismissal, without prejudice. See Guzman-Rivera v. Rivera- _______ _________ ___ _____________ _______ Cruz, 29 F.3d 3, 6 (1st Cir. 1994). The claim that ____ defendants conspired to procure Rodriguez's conviction by unconstitutional means, and to cover up their actions, essentially challenges the validity of the underlying conviction. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th ___ ______ ______ Cir. 1995) (per curiam) (dismissing, under Heck, Bivens claim ____ ______ that defendants conspired to ensure civil action plaintiff's conviction by fabricating testimony and other evidence in criminal trial); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. ____ _______ 1994) (per curiam) (dismissing, under Heck, a 1983 claim ____ that defendants had conspired to convict civil action plaintiff by providing ineffective assistance of counsel and withholding exculpatory evidence in criminal proceeding); -2- Bell v. Peters, 33 F.3d 18, 19 (7th Cir. 1994) (per curiam) ____ ______ (vacating, under Heck, a judgment on the merits of section ____ 1983 plaintiff's claim that his criminal conviction had been procured by unconstitutional conduct; remanding for determination as to whether conviction had been overturned). The holding in Heck applies retroactively. See Abella, 63 ____ ___ ______ F.3d at 1064; Boyd, 31 F.3d at 282 n.2. ____ Since Craig and Criss had defaulted before the district court dismissed the present action, Rodriguez argues, citing Quirindongo Pacheco v. Rolon Morales, 953 F.2d ___________________ _____________ 15 (1st Cir. 1992), that he should have been notified that the court intended to review the sufficiency of the complaint against those defendants. Unlike in the Quirindongo case, ___________ id. at 16, neither prior notice nor an evidentiary hearing __ would have been useful to Rodriguez since Heck required ____ dismissal of the damages claim as a matter of law.  Rodriguez argues that the claim against the court reporter should not have been dismissed, because the failure to deliver accurate transcripts was a "subissue" in the case and he cannot overturn his conviction without accurate transcripts.1 Because Rodriguez alleged that the court  ____________________ 1Rodriguez may be suggesting that the delay in providing transcripts violates his due process right to a speedy appeal and that such a claim should not be dismissed under Heck. ____ See, e.g., Harris v. Champion, 51 F.3d 901, 906, 909 (10th ___ ____ ______ ________ Cir. 1995) (considering 1983 claim for money damages alleging excessive delay in processing direct criminal appeals); but see United States v. Luciano-Mosquera, 63 F.3d ___ ___ ______________ ________________ -3- 3 reporter conspired with the other defendants to withhold, lose or alter transcripts necessary to show that his conviction is invalid, he is, in essence, challenging his conviction. See Sutton v. Lash, 576 F.2d 738, 746 (7th Cir. ___ ______ ____ 1978) (per curiam) (retrial is proper remedy for claimed loss of critical transcripts which preclude meaningful criminal appeal); see also Wilcox v. Miller, 691 F.2d 739, 741 & n.4 ___ ____ ______ ______ (5th Cir. 1982) (claim that defendants in civil suit conspired to alter criminal trial transcripts to assure an affirmance of civil plaintiff's criminal conviction on appeal "would seem" to challenge validity of criminal conviction); accord Tedford v. Hepting, 990 F.2d 745 (3d Cir.), cert. ______ _______ _______ ____ denied, 114 S. Ct. 317 (1993) (similar). Consequently, Heck ______ ____ applies.  Since the Rodriguez conspiracy claim also challenges the validity of his conviction, the claim for declaratory relief was properly dismissed as well. See ___ Abella, 63 F.3d at 1066 (dismissing Bivens action for ______ ______  ____________________ 1142, 1158 (1st Cir. 1995) (analyzing merits of underlying appeal from conviction to determine prejudice resulting from appellate delay). Because this claim was not squarely presented to the district court, we deem it waived for present purposes. See United States v. Ocasio-Rivera, 991 ___ _____________ _____________ F.2d 1, 3 (1st Cir. 1993). Yet another hurdle may loom in the path of any section 1983 claim for damages based on such a speedy-appeal claim. It may well be that Parratt v. _______ Taylor, 451 U.S. 527, 541-44 (1981), would be implicated were ______ it to appear that Massachusetts law affords Rodriguez an adequate post-deprivation remedy. See Campiti v. ___ _______ Commonwealth, 630 N.E.2d 596, 598 (Mass. 1994).  ____________ -4- 4 declaratory relief against defendants, who allegedly conspired to convict plaintiff, on ground that habeas relief is exclusive remedy, per Preiser v. Rodriguez, 411 U.S. 475 _______ _________ (1973)). Moreover, the claim for injunctive relief against the court reporter is moot since it is undisputed that the suppression hearing tape had been lost and that the defendant ___________ _______ ____ court reporter turned the voir dire hearing tape over to a ____ ____ _______ ____ different court reporter who prepared and delivered to Rodriguez a transcript based on the latter tape. See DeLancy ___ _______ v. Caldwell, 741 F.2d 1246, 1247 (10th Cir. 1984) (per ________ curiam) ( 1983 claim for injunctive relief directing preparation of trial transcripts mooted because defendant had provided transcripts to plaintiff after suit was filed).  As the premature section 1983 claims were properly dismissed, we direct that the district court judgment be modified so as to dismiss both the section 1983 claims and the pendent state-law claims against all defendants, without _______ prejudice. No costs. _________ __ _____ So ordered. So ordered. __ _______ -5- 5