USCA1 Opinion

 

 September 3, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2225 RASHID A. PIGOTT, Plaintiff, Appellant, v. ELIZABETH VEGA, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Rashid A. Pigott on brief pro se. ________________ Scott Harshbarger, Attorney General, and Ellyn H. Lazar, ___________________ _________________ Assistant Attorney General, on brief for appellees. ____________________ ____________________ Per Curiam. Pro se plaintiff Rashid Pigott appeals a __________ ___ __ district court order that dismissed this 42 U.S.C. 1983 action as frivolous under 28 U.S.C. 1915(d). Pigott's complaint sought monetary damages and declaratory and injunctive relief on the grounds that the defendants violated his constitutional rights by falsifying the trial transcripts essential for Pigott's direct appeal and obstructing Pigott's efforts to correct those transcripts.  We have thoroughly reviewed the record and the parties' briefs on appeal. We conclude that the instant action was properly dismissed, although not for the reasons relied upon by the district court.1 Rather, we conclude that this 1 action essentially challenges the validity of Pigott's conviction and that it is therefore barred by Heck v. ____ Humphrey, 114 S. Ct. 2364 (1994)(holding 1983 damages suit ________ for conduct that would necessarily imply the invalidity of plaintiff's criminal conviction is not cognizable unless plaintiff's conviction or sentence has already been invalidated). Cf. Tedford v. Hepting, 990 F.2d 745, 749 (3d ___ _______ _______ Cir. 1993)(where 1983 plaintiff sought a declaration that his constitutional rights on appeal were violated as a result  ____________________ 1The district court dismissed this action for the reasons 1 stated in the defendants' memorandum in support of their motion to dismiss. That memorandum incorrectly asserted that Pigott's claim that he was deprived of his right to appeal was meritless because Pigott's direct appeal was then pending. As the defendants have waived this argument on appeal, we do not rely on it.  -2- of falsification of transcripts, Third Circuit held that plaintiff's civil rights suit was "a direct challenge to the validity of his conviction and the legality of plaintiff's confinement"); Scruggs v. Moellering, 870 F.2d 376, 378 (7th _______ __________ Cir.)(upholding dismissal of 1983 claim for injunction requiring judge and court reporter to provide accurate trial transcripts on ground suit was an improper use of 1983 where plaintiff sought injunction solely to facilitate attack on his conviction), cert. denied, 493 U.S. 956 (1989); Wilcox _____ ______ ______ v. Miller, 691 F.2d 739, 741 (5th Cir. 1982)(claim that trial ______ transcript was altered to assure affirmance of defendant's conviction on appeal "would seem to challenge the validity of his conviction"). As Pigott's conviction has not been invalidated, his claims for relief are not cognizable under  1983.2 2 In addition to seeking relief for the alleged violation of his right to a direct appeal, Pigott's complaint also alleged that defendant Leary violated his constitutional rights by unjustifiably delaying Pigott's appeal from the denial of his motion for new trial. As this claim has not been developed on appeal, we deem it waived. See, e.g., ___ ____ Barrett v. United States, 965 F.2d 1184, 1194 & n. 19 (1st _______ _____________  ____________________ 2We note that Pigott presently has a federal habeas action 2 pending in the district court and an appeal from the denial of his motion for a new trial pending in the Massachusetts Appeals Court. Both actions raise the same claims that Pigott has asserted here.  -3- Cir. 1992)(issues adverted to in a perfunctory fashion are deemed waived).3 3 In view of the foregoing, the judgment of the district court is summarily affirmed, see Local Rule 27.1, but we ________ ___ modify the dismissal to be without prejudice. See Guzman- _______ _________ ___ _______ Rivera v. Rivera-Cruz, 29 F.3d 3, 6 (1st Cir. 1994).  ______ ___________  ____________________ 3Pigott also contends that defendant Leary maintained a 3 policy of deliberate indifference to the rights of pro se ___ __ litigants that resulted in the loss of his direct appeal and numerous violations of the rights of other pro se prisoners. ___ __ To the extent Pigott seeks relief for the loss of his appeal, this claim is barred by Heck. Pigott has no standing to ____ pursue claims on behalf of other prisoners. -4-