TOSCO CORPORATION; Energy Resources Technology Land, Inc.; Joseph B. Umpleby; Wasatch Development Company; Barnette T. Napier; Grace A. Savage; Joan L. Savage; Maude B. Farnum; St. Clair Napier Castlin; William H. Farnum, Jr.; John R. Farnum; John W. Savage; Neil S. Mincer and Penelope Chase Brown, Individually and as a Trustee, et al., Plaintiffs-Appellees,

v.

Donald P. HODEL, Secretary of the Interior, Defendant-Appellant.

Senators John Melcher and Howard M. Metzenbaum; Representatives Morris K. Udall, Timothy E. Wirth, and Nick Joe Rahall; and the Colorado and National Wildlife Federations, and State of Colorado, Applicants-Intervenors.

Nos. 85–1968, 85–2205, 86–1082, 86–1083, 86–1090 and 86–1092 to 86–1097.

United States Court of Appeals, Tenth Circuit.

Nov. 4, 1986.

---

Donald L. Morgan of Cleary, Gottlieb, Steen & Hamilton, Washington, D.C. (John W. Savage, Jr., Rifle, Colo., and James Clark of Baker & Hostetler, Denver, Colo., with him on the brief), for plaintiffs-appellees.

Peter R. Steenland, Jr., Atty., Dept. of Justice, Washington, D.C. (John P. Lang and Dirk D. Snell, Dept. of Justice, Washington, D.C., with him on the brief), for defendant-appellant.

Thomas Lustig, Boulder, Colo., for applicants-intervenors.

Janet L. Miller, Deputy Atty. Gen., State of Colo. (Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., and Richard H. Forman, Sol. Gen., with her on the brief), for applicant-intervenor State of Colo.

Before McKAY, SEYMOUR and MOORE, Circuit Judges.

PER CURIAM.

This dispute between the Secretary of the Interior and certain oil shale mining claimants has been pending for more than two decades. At various times in 1985, the United States District Court for the District of Colorado entered a series of judgments against the Secretary in favor of claimants. Those judgments carry out the court's general resolution of the dispute set out in its published opinion in *Tosco Corp. v. Hodel,* 611 F.Supp. 1130 (D.Colo.1985). These consolidated appeals were taken by the Secretary from those judgments. On August 4, 1986, while these appeals were pending, the parties entered into a settlement agreement. Shortly thereafter, the Governor of the State of Colorado filed a motion to intervene in this court as a party-defendant, seeking to assert claimed interests of the State of Colorado in the subject matter. He was not a party below. Soon thereafter, certain United States Senators, Congressmen, and the Colorado and National Wildlife Federations also filed a motion to intervene as parties-defendants, asserting claimed interests in the subject matter of the dispute and seeking injunctive relief. They, too, were not parties below.

This court entered a temporary stay of certain provisions of the settlement agreement pending further briefing and oral argument of the issues. The matter was heard on October 13, 1986. After argument and deliberation, the court announced its unanimous judgment that it lacked jurisdiction to consider the motions and that a written judgment would follow.

The threshold question for the court is always its jurisdiction. Both the appellant and the appellees assert that this court lacks jurisdiction to entertain the motions of the potential intervenors for the reason that their settlement moots the case, leaving the court without a case or controversy.

A federal court's inability "to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Liner v. Jafco, Inc.,* 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 394 n. 3, 11 L.Ed.2d 347 (1964). "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) (per curiam). Thus, mootness is a question that "a federal court must resolve

before it assumes jurisdiction." *Id.* With limited exceptions, a settlement involving all parties and all claims moots an action. *See* 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3533.2 at 233 (2d ed. 1984), and cases cited therein. This principle applies with equal force where the case is settled pending appeal. *See, e.g., Lake Coal Co. v. Roberts & Schaefer Co.,* — U.S. —, 106 S.Ct. 553–54, 88 L.Ed.2d 418 (1985); *Veatch v. Resor,* 388 F.2d 310 (10th Cir.1967). This principle applies to all final settlement agreements even if they contain executory terms. *Future Plastics, Inc. v. Ware Shoals Plastics, Inc.,* 407 F.2d 1042, 1046 (4th Cir. 1969). We have reviewed the settlement agreement with care and conclude that, although it includes executory terms, it is a final settlement of the dispute, and thus moots this case, depriving us of jurisdiction to consider the motions for intervention and injunction.

As a general rule, there are two exceptions to this mootness rule. They are: (1) if the settlement moots some issues but not others, and (2) if the case involves a situation that is "capable of repetition, yet evading review." *International Union, UAW v. Dana Corp.,* 697 F.2d 718, 721 (6th Cir. 1983). We conclude that neither of the exceptions to the rule of mootness are applicable to this case. The settlement involves all pending issues and the "evading review" doctrine is not applicable. The absence of these putative intervenors below was a matter of choice—not an inability to seek intervention. The history of this case makes clear that if there are other claimants seeking to assert the same interests as the appellees herein, there is ample opportunity for these putative intervenors to seek review of the important issues in those actions.

For the reasons stated, the court reaffirms its oral judgment that the temporary stay heretofore issued is dissolved and that the motions to intervene and for injunction are dismissed for want of jurisdiction to consider them.