1. The Honorable Morris S. Arnold, United States District Judge for the Western District of

Accordingly, we affirm the order of the district court.

**Donald COLYER, Appellant,**

v.

**David RYLES, Appellee.**

No. 87–1039.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 6, 1987.
Decided Aug. 24, 1987.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Donald Colyer appeals from a final judgment entered in the District Court [1] for the

Arkansas.

Western District of Arkansas dismissing his civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(d). For the reasons discussed below, we affirm the judgment of the district court.

Colyer, an inmate in the Arkansas Department of Correction, brought this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983[2] against David Ryles, the federal court reporter in a previous civil rights suit in which Colyer was the plaintiff. In the earlier case, Colyer had alleged, among other things, that two police officers wrongfully arrested him, searched and impounded his car, and damaged his car and its contents. An evidentiary hearing was held on July 10, 1984, before a magistrate.[3] The police officers, Colyer and other witnesses testified at the hearing. Ryles recorded the proceedings. On October 24, 1984, the magistrate recommended that judgment be entered in favor of the officers and the district court subsequently adopted the magistrate's recommendation. On January 28, 1985, the district court denied Colyer's motions to proceed on appeal *in forma pauperis*, to obtain trial records and a transcript at government expense, and for appointment of counsel. This court also denied Colyer leave to proceed *in forma pauperis* and, on March 8, 1985, summarily affirmed the judgment of the district court.

In April 1985, Colyer arranged to have a transcript of the July 10, 1984, evidentiary hearing prepared at his expense. Colyer commenced the present action after receiving the transcript, alleging that he had been denied due process and access to the courts because the transcript was inaccurate and incomplete. Colyer claimed the transcript omitted parts of the hearing that did not support the judgment against him. Colyer alleged that he had been harmed by these omissions because the district court's decisions granting judgment against him and denying him leave to proceed *in forma pauperis* were based on the altered tran-

script. He further alleged that he had been denied meaningful access to the courts because he was forced to appeal on a silent and incomplete record.

The present case came before the same magistrate whose recommendation had been adopted in the earlier civil rights action. The magistrate concluded that, even assuming Ryles did provide an altered transcript, on the facts presented, Colyer's rights were not violated. The magistrate recommended that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d), and the district court adopted the recommendation. The district court also denied Colyer's motion for reconsideration. This appeal followed.

A careful review of the record indicates that Colyer's allegations are fundamentally flawed because the transcript did not exist at the time of the alleged constitutional violations. Thus, even if we assume that Ryles provided Colyer with an altered transcript, none of the claimed injuries could have resulted from this action. The transcript was not the basis of the adverse district court decision in Colyer's earlier case, of the denials of leave to proceed *in forma pauperis*, nor of this court's affirmance of the judgment. We hold therefore that the district court properly dismissed Colyer's claims as frivolous.

Accordingly, the judgment of the district court is affirmed.

---

**2.** The district court characterized the complaint as a *Bivens*-type action because the defendant was alleged to be a federal, not a state, actor. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**3.** The Honorable Ned A. Stewart, Jr., United States Magistrate for the Western District of Arkansas.