**Lenzy McCULLOUGH, Appellant,**

v.

**Vernon L. HORTON, Clerk; Cross County, Arkansas; State of Arkansas, Appellees.**

**No. 95–1386.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 6, 1995.

Decided Nov. 16, 1995.

Lenzy McCullough, pro se.

Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.

PER CURIAM.

Lenzy McCullough, an Arkansas inmate, appeals the District Court's [1] dismissal of his pro se 42 U.S.C. § 1983 (1988) action as frivolous pursuant to 28 U.S.C. § 1915(d) (1988). We affirm in part, reverse in part, and remand for further proceedings.

After McCullough was convicted of aggravated robbery and being a felon in possession

---

1. The Honorable William R. Wilson Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommenda- tion of the Honorable John F. Forster Jr., United States Magistrate Judge for the Eastern District of Arkansas.

of a firearm, a state circuit court judge declared McCullough indigent and ordered the state to provide him with a transcript of his criminal trial for use on appeal. At the request of the "Court Reporter," the circuit court judge extended the time for filing a transcript with the clerk to September 4, 1994. On November 28, 1994, McCullough filed his § 1983 suit against the State of Arkansas, Cross County, and circuit court clerk Vernon L. Horton, alleging that Horton failed to comply with the judge's order and never provided a transcript. McCullough further alleged that Horton's failure to provide a transcript injured his right to appeal and violated the Ninth and Fourteenth Amendments. McCullough sought damages and an order requiring Horton to provide the transcript. The District Court dismissed McCullough's complaint sua sponte for lack of an "arguable legal theory," reasoning that because the distribution of materials by Horton is an integral part of the criminal justice system, he was entitled to absolute immunity.

■ We review the District Court's dismissal for an abuse of discretion. *See Denton v. Hernandez,* 504 U.S. 25, 33–35, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). Although allegations in a pro se complaint are entitled to a liberal construction, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam), the complaint may be dismissed as frivolous under § 1915(d) if it is "based on an indisputably meritless legal theory" or if the factual contentions are "clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Robinson v. Cavanaugh,* 20 F.3d 892, 893 (8th Cir.1994) (per curiam).

■ A liberal construction of McCullough's pleading permits an inference that the court reporter filed a transcript with the court on September 4, 1994, and that Horton failed to provide McCullough with this transcript. Based on this interpretation of the complaint, the District Court abused its discretion in dismissing McCullough's claim against Horton for equitable relief, for which

Horton does not enjoy absolute immunity. *See Rogers v. Bruntrager,* 841 F.2d 853, 856 n. 3 (8th Cir.1988).

■ We also conclude the District Court abused its discretion in dismissing McCullough's claim against Horton for damages. We cannot say McCullough's claim lacks an arguable basis in law, because it is not clear that Horton's failure to provide a transcript when ordered to do so by the court constitutes a discretionary act entitling him to immunity. *See Antoine v. Byers & Anderson, Inc.,* —— U.S. ——, ——, 113 S.Ct. 2167, 2172, 124 L.Ed.2d 391 (1993) (court reporter not entitled to absolute immunity when failing to produce court-ordered transcript, because reporter's duties do not require exercise of discretionary judgment); *Robinson v. Freeze,* 15 F.3d 107, 108–09 (8th Cir.1994) (remanding § 1983 action against bailiff in light of *Antoine* ).

While the District Court did not specifically address McCullough's claims against Cross County and the State of Arkansas, dismissal was proper as to them. *See McGautha v. Jackson County, Mo., Collections Dep't,* 36 F.3d 53, 56 (8th Cir.1994) (municipal liability), *cert. denied,* —— U.S. ——, 115 S.Ct. 2561, 132 L.Ed.2d 814 (1995); *Williams v. Missouri,* 973 F.2d 599, 599–600 (8th Cir.1992) (per curiam) (sovereign immunity); *see also* Ark. Const. art. 5, § 20; Ark. Code Ann. § 16–123–104 (Michie Supp.1993).

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this decision.