**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 19 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARVIN BROWN,

      Plaintiff-Appellant,

v.

BRUCE McALLISTER, Detective,

      Defendant-Appellee.

No. 97-2035
(D.C. No. CIV-94-936)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Marvin Brown, an incarcerated prisoner appearing pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint, based on the parties' stipulated motion to dismiss. Plaintiff's consolidated § 1983 complaint asserted constitutional rights violations and pendent state law claims against numerous defendants arising out of a 1992 search of his home and a later 1992 arrest of Brown for drug possession.[1] The district court dismissed many of plaintiff's claims, though plaintiff filed several amended complaints. Ultimately, the district court dismissed or granted summary judgment in favor of all of the defendants except for one claim against defendant Bruce McAllister, as to which

---

[1]     Plaintiff first filed several New Mexico state court actions in 1994 against defendant Bruce McAllister, an Albuquerque Police Officer; the Honorable Ross C. Sanchez, a Bernalillo County judge; Dan Ramierz, a New Mexico Probation Officer; the Albuquerque Police Department and the State of New Mexico, alleging illegal search and seizure, false arrest and numerous other constitutional violations arising out the 1992 incidents. These complaints were consolidated and, on December 21, 1994, removed to federal court as No. 94CV1462.

On August 15, 1994, Brown filed a separate federal § 1983 civil rights complaint, No. 94CV936, challenging the same incidents alleged in No. 94CV1462, against Bruce McAllister; Vernon Wilson, a Bernalillo County Detention Center Correctional Officer; the Honorable Ross C. Sanchez; the Honorable H. Richard Blackhurst, a Bernalillo County judge; David D. Longley, a Bernalillo Public Defender; the Albuquerque Police Department; the Albuquerque Public Defender's Office; Tom Udall, New Mexico's Attorney General; the State of New Mexico; and Dan Ramierz. On March 2, 1995, No. 94CV936 was consolidated with No. 94CV1462.

the court concluded summary judgment was inappropriate because of disputed issues of material fact.

On November 6, 1996, plaintiff signed a "Full and Final Release of All Claims and Indemnity Agreement," releasing all claims against defendant McAllister, the City of Albuquerque and all of its agents, servants and employees arising out of any of the incidents complained of in plaintiff's consolidated complaint.[2] The next day, the parties filed a stipulated motion to dismiss the consolidated complaint and, on November 8, 1996, the district court granted the motion and dismissed the complaint with prejudice.

Plaintiff then filed a notice of appeal. Although the notice was dated November 14, 1996, it was not filed until December 16, 1996, more than thirty days after the date of the district court's order. See Fed. R. App. P. 4(a). This court ordered the parties to submit briefs addressing this jurisdictional defect.

---

[2]    The settlement agreement is not part of the record; defendant filed a copy of the agreement, signed by plaintiff and defendant, as an exhibit to its brief. See Appellee's Br., at Ex. C. Stipulations are treated as judicial admissions. See St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979). We take judicial notice of the settlement agreement because plaintiff does not dispute its existence or validity. See Dakota County v. Glidden, 113 U.S. 222, 224-26 (1885) (holding it is appropriate for an appeals court to take judicial notice of a settlement agreement that moots the appeal where the parties do not dispute the validity of the settlement); ITT Rayonier Inc. v. United States, 651 F.2d 343, 345 n.2 (5th Cir. 1981) (noting that judicial notice of a settlement agreement is particularly appropriate if it moots the case) (citing Dakota County).

Defendant asserts that plaintiff's notice of appeal was untimely and did not comply with the requirements of Fed. R. App. P. 3(c).[3] Defendant further asserts that the appeal is moot because plaintiff released all of his claims arising out of the consolidated complaint pursuant to the November 6, 1996 settlement agreement. Plaintiff responds that he filed his notice of appeal on November 14, 1996, though he does not allege when he placed the notice in the prison mail system. See Houston v. Lack, 487 U.S. 266, 270-72 (1988) (holding a pro se prisoner's notice of appeal timely filed if deposited in the prison mail system within the applicable time limit), see also Fed. R. App. P. 4(c) (inmate notice of appeal is timely filed if deposited in prison's mail system on or before filing deadline). More significantly, however, plaintiff does not dispute that the appeal is moot because he released all of his claims pursuant to the November 6, 1996 settlement agreement and that he stipulated to the dismissal of the complaint.

Because we find that plaintiff's claims on appeal are moot, we do not reach the issue of whether the notice of appeal was timely filed under Houston v. Lack. See Tosco Corp. v. Hodel, 804 F.2d 590, 591-92 (10th Cir. 1986) (holding that mootness is a question that "a federal court must resolve before it assumes

---

[3]     Plaintiff's notice of appeal refers to both his federal action and his state court action. Plaintiff's memorandum filed along with his notice of appeal refers almost entirely to the New Mexico state court proceedings. Thus, it is unclear whether plaintiff is attempting to appeal Nos. 94CV936 and 94CV1462 or his state court proceedings.

jurisdiction" because federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971).

Plaintiff signed a complete release of all claims arising out of his consolidated complaint against defendant McAllister and the other defendants. Plaintiff signed and submitted a stipulated motion to dismiss his consolidated complaint. Record, Doc. 71 and 72. Plaintiff does not dispute that he settled all claims or that he signed a stipulation to dismiss his complaint, nor does he raise any challenge with respect to his settlement or the stipulated dismissal. Plaintiff's notice of appeal challenges only the state court's consolidation of his state court claims and asserts that a hearing was held in the state court proceeding after the action was removed to federal court. Similarly, plaintiff's opening brief makes no allegations of error with respect to the district court proceedings.

After our review of the briefs, the settlement agreement, the stipulated motion to dismiss and the district court's dismissal, we conclude that the parties' settlement agreement is a full, final and complete settlement of the dispute, and renders this appeal moot. See Tosco Corp., 804 F.2d at 592 (final settlement of dispute moots action on appeal). We further conclude plaintiff's appeal presents no arguably meritorious issue for consideration and is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). We therefore dismiss this appeal.

Because this appeal is dismissed as frivolous pursuant to § 1915(e)(2)(B)(i), this appeal counts as a "prior occasion" under 28 U.S.C. § 1915(g).

We DISMISS the appeal. All other pending motions are DENIED. The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge