**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 19 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARVIN BROWN,

      Plaintiff-Appellant,

v.

NEW MEXICO DISTRICT COURT
CLERKS; VICKI AKENHEAD,
Managing Reporter; ANNETTE G.
ARAGON; and VIOLA W. LEWIS,
Official Court Reporters,

      Defendants-Appellees.

No. 97-2044
(D.C. No. CIV-96-968-JC)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Marvin Brown, a prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his complaint under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), with prejudice, for failure to state a claim.  Plaintiff's complaint contends that he needed certain transcripts of an August 1992 hearing in his criminal action in order to file a habeas petition.  He contends he requested these transcripts from the defendant court reporters, who first told him there was no hearing on that date, but ultimately located and sent him the transcripts of the hearing.  He alleged that when he received the transcripts, they did not accurately reflect all of the conversations during the hearing.  Plaintiff asserted that the court reporters purposely left out portions of the proceedings, allegedly to protect the judge from "incriminating actions" taken during the hearing.

The district court dismissed plaintiff's complaint sua sponte, prior to service upon the defendants.  Applying the rule of liberal construction for pro se actions, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the district court construed plaintiff's complaint as an action under 42 U.S.C. § 1983.  The district court stated that plaintiff failed to allege that a federal right was violated or that any such deprivation was caused by a person acting "under color of state law."  The district court concluded that plaintiff failed to state a claim upon which relief

could be granted and dismissed plaintiff's complaint under § 1915(e)(2) and Rule 12(b)(6) with prejudice.

On appeal, plaintiff contends the district court erred in dismissing his complaint without first giving him an opportunity to cure any defects in his complaint. We review a Rule 12(b)(6) dismissal de novo. See Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997). We have not yet determined whether dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is reviewed for abuse of discretion, see Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997) (applying abuse of discretion standard to review a dismissal under § 1915(d), the precursor to § 1915(e)(2)), or de novo, similar to the same standard as a Rule 12(b)(6) "failure to state a claim." Because the district court's decision was based on failure to state a claim, rather than frivolousness, and relied on both § 1915 and Rule 12(b)(6), we will apply the Rule 12(b)(6) de novo standard in this case. Cf. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) (concluding dismissals under new § 1915(e)(2) and 28 U.S.C. § 1915A should be reviewed de novo).

Plaintiff's complaint did not reveal the nature of the hearing in question, what was allegedly omitted from the transcripts, why the omission is necessary to decide his habeas petition or how the alleged omissions or inaccuracies in his

transcript adversely affected him.  Further, although the district court liberally construed the complaint as seeking relief under § 1983, plaintiff failed to allege any violation of a constitutional or other right or to specify any cause of action. Nevertheless, although we have held that a district court may dismiss sua sponte a pro se complaint for failure to state a claim, see McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991), we have also held that "[s]uch a dismissal is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile."  Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997) (quotations omitted); McKinney, 925 F.2d at 365.

Here, we cannot conclude that it is patently obvious that plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile.  See Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991) (holding that civil rights claim that court reporter altered trial transcript was not "indisputably meritless" and should not have been dismissed under § 1915 without giving plaintiff notice and an opportunity to amend his complaint).  Some courts have recognized § 1983 claims based on allegations that a court reporter altered criminal trial transcripts.  See id. at 3 (claim not "indisputably meritless"); Curro v. Watson, 884 F. Supp. 708, 719, 724 (E.D.N.Y. 1995) (recognizing § 1983 due process claim to reasonably accurate criminal trial transcript based

-4-

on allegation that court reporters deliberately altered transcripts, but dismissing on qualified immunity grounds), aff'd, No. 95-2327, 1996 WL 19172, at **1 (2d Cir. Jan. 16, 1996) (unpublished disposition); Odom v. Wilson, 517 F. Supp. 474, 476 (S.D. Ohio 1981) (allegation that court reporter who deliberately watered-down charge to jury states cognizable § 1983 claim); see also Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436-37 (1993) (holding that court reporters are not absolutely immune from damages liability); McCullough v. Horton, 69 F.3d 918, 919 (8th Cir. 1995) (holding it was abuse of discretion to dismiss as frivolous claim that court reporter failed to provide inmate with transcript of his criminal trial); Gagan v. Norton, 35 F.3d 1473, 1476-77 (10th Cir. 1994) (district court erred in denying leave to amend complaint to allege § 1983 claim that court reporters refused to prepare transcripts, holding that qualified immunity is an affirmative defense that can only be raised after defendants have been served).

"[P]laintiff does not have a constitutional right to a totally accurate transcript of his criminal trial." Tedford v. Hepting, 990 F.2d 745, 747 (3d Cir. 1993). "His constitutional rights would be violated only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding." Id.; see also Colyer v. Ryles, 827 F.2d 315, 316 (8th Cir. 1987) (civil complaint for damages was frivolous where plaintiff was not prejudiced by allegedly altered

transcript).[1]  Plaintiff has not alleged facts indicating how the alleged inaccuracies in his transcript prejudiced him.  However, because "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings," Hall v. Bellmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991), the district court erred in dismissing plaintiff's complaint with prejudice, without first giving him an opportunity to amend his complaint to cure any deficiencies.  See Forte, 935 F.2d at 2, 4 (holding that pro se prisoner plaintiff, who failed to indicate how alleged transcript alterations prejudiced him, should have been granted leave to amend his complaint against the court reporter so as to state claim); see also McKinney, 925 F.2d at 365 ("Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon.") (quoting Neitzke v. Williams, 490 U.S. 319, 329 (1989)).

Because it is not patently obvious that plaintiff's complaint fails to allege the violation of a federal right, the district court erred in dismissing it under

---

[1]  Moreover, plaintiff's right to a free transcript in order to file his habeas petition is not unconditional.  A petitioner seeking relief under 28 U.S.C. §§ 2254 or 2255 must first demonstrate that his claim is not frivolous and that the transcript is needed to decide the issue presented by the suit before the court is required to provide him with a free transcript.  See United States v. MacCollom, 426 U.S. 317 (1976) (plurality) (interpreting a § 2255 petition and 28 U.S.C. § 753(f)); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (applying the MacCollom analysis to a § 2254 action).

§ 1915(e)(2)(B)(ii) and Rule 12(b)(6).  On remand, plaintiff should be afforded an opportunity to amend his complaint to cure any deficiencies.

Accordingly, we VACATE and REMAND the action to the district court for further proceedings.  The mandate shall issue forthwith.


Entered for the Court


David M. Ebel
Circuit Judge