**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARVIN BROWN,

     Plaintiff-Appellant,

v.

NEW MEXICO DISTRICT COURT
CLERKS; VICKI F. AKENHEAD,
Managing Reporter; ANNETTE G.
ARAGON, Official Court Reporter;
and VIOLA W. LEWIS, Official Court
Reporter,

     Defendants-Appellees.

No. 98-2291
(D.C. No. CIV-96-968-JC/RLP)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Proceeding pro se, Marvin Brown appeals the district court's dismissal of

his amended complaint under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6).

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

We affirm.

Marvin Brown's initial pro se complaint, construed liberally as a 42 U.S.C. § 1983 claim, contended that he needed certain transcripts of an August 1992 hearing in his criminal action in order to file a petition for habeas corpus, and that the transcripts he received from the defendant court reporters did not accurately reflect all of the conversations during the hearing. Brown asserted that the court reporters purposefully left out portions of the proceedings to protect the judge from "incriminating actions" taken during the hearing.

The district court dismissed the complaint under Rule 12(b)(6), but we vacated and remanded in Brown v. New Mexico Court Clerks, No. 97-2044, 1998 WL 123064 (10th Cir. Mar. 19, 1998) (unpublished disposition). First, we noted that "Plaintiff's complaint did not reveal the nature of the hearing in question, what was allegedly omitted from the transcripts, why the omission is necessary to decide his habeas petition or how the alleged omissions or inaccuracies in his transcript adversely affected him." Id., 1998 WL 123064, at *2. Furthermore, we observed that Brown's "constitutional rights would be violated only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding," and that Brown "has not alleged facts indicating how the alleged inaccuracies in his transcript prejudiced him." Id., 1998 WL 123064, at *3. However, because "pro se litigants are to be given reasonable opportunity to

remedy defects in their pleadings," Hall v. Bellmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991), we vacated the district court order and remanded for the district court to afford Brown "an opportunity to amend his complaint to cure any deficiencies." Brown, 1998 WL 123064, at *3.

On remand, Brown submitted an amended complaint alleging various inaccuracies and omissions in the transcript of the August 1992 hearing, during which the district court considered two motions—one by Brown for a funeral furlough, and one by the State for probation revocation. Additionally, Brown alleged that an unspecified portion of the transcript from a May 3, 1993, release hearing incorporated an excerpt from another release hearing held on May 27, 1993, which Brown alleges took place but which Defendant Akenhead maintains never occurred.[1] Brown also complained of the lack of a transcript from the May 27, 1993, hearing.

The district court found that Brown's amended complaint failed to show how "the outcome of habeas proceedings [would] be affected by an 'accurate' written record of the statements Defendants have allegedly altered and withheld." Thus, the district court dismissed Brown's amended complaint for failure to state

---

[1]The district court assumed for purposes of its opinion that the hearing took place.

a claim upon which relief can be granted.[2]

On appeal, Brown does not respond to the district court's finding that he did not allege how the altered or withheld transcripts would prejudice the outcome of habeas proceedings. Rather, Brown asks us to "order the Transcript of [the May 27, 1993] Hearing to determine if any constitutional rights was [sic] violated," and to take similar investigatory action with regard to the other transcripts.

We refuse to grant Brown's request, as we are a court of review, not an investigatory service for § 1983 litigants. Cf. Witney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) ("This court . . . will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on a plaintiff's behalf.") Furthermore, we find Brown's appeal, based on such requests, to be frivolous for purposes of 28 U.S.C. § 1915(g). Accordingly, we AFFIRM the district court's dismissal of Brown's amended complaint for the reasons stated in the district court's Memorandum Opinion and Order, which we

---

[2]Brown also raised nine claims not alleged in his original complaint. The district court dismissed the nine additional claims as frivolous because they were barred by res judicata, as they were asserted and dismissed in two prior consolidated proceedings before the district court. We upheld the dismissal in Brown v. McAllister, No. 97-2035, 1998 WL 123065 (10th Cir. Mar. 19, 1998) (unpublished disposition). Brown's response to the district court's dismissal of the nine additional claims, that "all claims in those cases were Granted and upheld," is meritless and not deserving of further comment.

find persuasive.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge