**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN W. UMOREN,

     Plaintiff - Appellant,

v.

WARDEN BYRD, Warden of prison, individually; FNU BRAGGS, Deputy Warden, individually; CHIEF HILLIGOSS, Chief of Management, individually and in his official capacity; CHIEF COX, Chief of Security, individually and in his official capacity; FNU HOLLARN, Principal and Supervisor of law library and education, individually and in his official capacity; MS. FNU SHOEMAKER, Quality Assurance and Public Relations Officer, individually and in her official capacity; FNU BATTLES, C Unit Manager, individually and in his official capacity,

     Defendants - Appellees.

No. 16-6230
(D.C. No. 5:16-CV-00106-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.[**]

Plaintiff-Appellant John Umoren, a state inmate appearing pro se, brought this 42 U.S.C. § 1983 action against several staff members at the Cimarron Correctional Facility, alleging that the defendants (1) allowed and prompted the murder of gang members, and (2) inhibited his access to the law library in an attempt to cover up their misconduct. 1 R. 6–17. As relief, Mr. Umoren seeks "to remove the . . . defendants from any supervisory position and terminate their employment," as well as "allow prison reform and implementation of gang policy and law library access." Id. 16.

The magistrate judge recommended that the case be dismissed pursuant to 42 U.S.C. § 1997e(c) for failure to state a claim. 1 R. 80–88. Over Mr. Umoren's objection, the district court adopted the recommendation and dismissed the case. Umoren v. Byrd, No. Civ-16-106-M, 2016 WL 3945837 (W.D. Okla. July 19, 2016). We review de novo. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); see also Barnes v. Hawk, 166 F.3d 346 (10th Cir. 1998) (unpublished).

Under § 1997e(c)(1), a court "shall on its own motion . . . dismiss any

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

- 2 -

action brought with respect to prison conditions under section 1983 of this title . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissal for failure to state a claim is proper where a complaint lacks factual content suggesting plausibility, i.e. that "the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On appeal, Mr. Umoren argues that the district court abused its discretion by dismissing his complaint sua sponte and dismissing it without leave to amend. However, § 1997e(c) expressly authorizes a district court to dismiss a suit at any time if the court determines the action fails to state a claim, and Mr. Umoren was heard when he objected to the magistrate judge's recommendation. Moreover, we agree with the district court that Mr. Umoren's two claims do not demonstrate the type of actual and concrete injury, specific to him, that would be required to pursue such claims. See Lewis v. Casey, 518 U.S. 343, 351 (1996); Swoboda v. Dubach, 992 F.2d 286, 289 (10th Cir. 1993).

Accordingly, we DISMISS the appeal, and DENY leave to proceed IFP. Mr. Umoren is obligated to pay the full filing fee. We find the appeal frivolous

and a "strike" for purposes of 28 U.S.C. § 1915(g).

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge