FILED
United States Court of Appeals
Tenth Circuit

January 24, 2023

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANCISCO SERNA,

     Plaintiff - Appellant,

v.

DENVER POLICE DEPARTMENT;
ANSELMO JARAMILLO,

    Defendants - Appellees.

No. 21-1446

_____

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:21-CV-00789-WJM-MEH)**
_____

Daniel Pomerantz (Matthew Cushing with him on the briefs), University of Colorado
Law School Appellate Advocacy Practicum, Boulder, Colorado, for Plaintiff – Appellant.

Conor Farley (Jennifer Johnson with him on the brief), Assistant City Attorneys, Denver
City Attorney's Office, Denver, Colorado, for Defendants – Appellees.
_____

Before **BACHARACH**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

**MORITZ**, Circuit Judge.
_____

Francisco Serna sued a police officer and local police department that

allegedly prevented him from transporting hemp plants on a flight from Colorado to

Texas. In the complaint, he asserted a single claim under § 10114(b) of the

Agriculture Improvement Act of 2018 (the 2018 Farm Bill), a statute that authorizes states to legalize hemp and regulate its production within their borders but generally precludes states from interfering with the interstate transportation of hemp. *See* Pub. L. No. 115–334, §§ 10113–10114, 132 Stat. 4490, 4908–14 (codified at 7 U.S.C. §§ 1639*o*–1639*s*). The district court dismissed Serna's complaint under Federal Rule of Civil Procedure 12(b)(6), concluding that Serna failed to state a viable claim because § 10114(b) does not create a private cause of action to sue state officials who allegedly violate that provision. Serna appeals, arguing that § 10114(b) impliedly authorizes a private cause of action and that even if it does not, the district court should have allowed him to amend the complaint to add other potentially viable claims rather than dismissing the case altogether.

We affirm. Contrary to Serna's view, the language in § 10114(b) does not suggest that Congress intended to grant hemp farmers a right to freely transport their product from one jurisdiction to another, with no interference from state officials. Because courts cannot read a private cause of action into a statute that lacks such rights-creating language, the district court properly dismissed Serna's § 10114(b) claim. It also properly declined to allow Serna to amend his complaint.

### Background[1]

Serna's lawsuit stems from an incident at the Denver International Airport in

---

[1] Because the district court resolved this case on a motion to dismiss, we recount the facts that follow based on the well-pleaded allegations in Serna's complaint, viewed in the light most favorable to him. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105, 1123 n.69 (10th Cir. 2017).

March 2021. Serna arrived for a return flight to Texas, where he is a licensed hemp farmer, and was traveling with "32 [hemp] plant clones or rooted clippings." R. 12. At a security checkpoint, Serna produced certificates stating that he could transport these hemp plants because they contained less than 0.3% THC (the active ingredient in marijuana), meaning they were grown in compliance with the 2018 Farm Bill. *See* §§ 10113–10114. Despite these certificates, an officer from the Denver Police Department, Anselmo Jaramillo, confiscated Serna's hemp plants, citing a department policy to confiscate plants containing any amount of THC.

The next day, Serna sued Jaramillo and the Denver Police Department (collectively, defendants), asserting a single claim under § 10114(b) of the 2018 Farm Bill. Specifically, he alleged that by confiscating his hemp plants, defendants had violated § 10114(b)'s restriction on state laws that prohibit the interstate transportation of hemp. Defendants moved to dismiss the complaint under Rule 12(b)(6), arguing that Serna failed to state a viable claim because § 10114(b) does not create a private cause of action for hemp farmers to remedy state officials' purported violations of that provision. A magistrate judge agreed and recommended granting defendants' motion. Over Serna's objection, the district court adopted that recommendation and dismissed the complaint with prejudice.

Serna appeals, arguing that the district court (1) improperly dismissed his complaint under Rule 12(b)(6) and (2) should have granted him leave to amend his

complaint.[2] We consider those arguments in turn.

## Analysis

### I.      Rule 12(b)(6) Dismissal

We review de novo the district court's decision to dismiss Serna's complaint under Rule 12(b)(6). *Brokers' Choice*, 861 F.3d at 1104. As relevant here, Rule 12(b)(6) dismissal "is appropriate if the complaint alone is legally insufficient to state a claim." *Id.* at 1104–05. The district court deemed Serna's complaint legally insufficient because it asserts a single claim under § 10114(b) of the 2018 Farm Bill—a statute that, according to the district court, does not create a private cause of action. Serna, on the other hand, argues that § 10114(b) recognizes a private cause of action, thus making dismissal improper.

Two sections in the 2018 Farm Bill are relevant to resolving Serna's argument. The first, § 10113, authorizes states and Indian tribes (subject to prior federal approval and compliance with minimum federal standards) to legalize hemp and regulate its production within their respective jurisdictions. The second, § 10114, addresses how states and tribes must treat hemp that is produced in one jurisdiction and moved to another:

> (a) RULE OF CONSTRUCTION.—Nothing in this title or an amendment made by this title prohibits the interstate commerce of hemp (as defined in [§ 10113]) or hemp products.
>
> (b) TRANSPORTATION OF HEMP AND HEMP PRODUCTS.—No [s]tate or Indian [t]ribe shall prohibit the transportation or shipment of

---

[2] Serna proceeded pro se in the district court, but we appointed him counsel on appeal.

hemp or hemp products produced in accordance with [§ 10113] through the [s]tate or the territory of the Indian [t]ribe, as applicable.

§ 10114. As noted above, Serna focuses on subsection (b) of § 10114. He argues that this provision, though lacking *express* language authorizing him to sue state officials who purportedly prevented him from transporting hemp across state lines, *impliedly* grants him such a claim. In other words, Serna contends that § 10114(b) "contains an implied private [cause] of action." Aplt. Br. 14.

To establish that § 10114(b) authorizes a private cause of action, Serna must show that Congress intended such authorization. *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001). Specifically, he must show that the statute "displays an intent to create not just a private right but also a private remedy." *Id.* at 286. Unless the statute expresses an intent to create both a private right and a private remedy, "a cause of action does not exist and [we] may not create one, no matter how desirable that might be as a policy matter." *Id.* at 286–87; *see also Cuba Soil & Water Conservation Dist. v. Lewis*, 527 F.3d 1061, 1064 (10th Cir. 2008) ("Absent Congressional intent to create both a right and a remedy in favor of a plaintiff, a cause of action does not exist.").

Applying these principles, the magistrate judge and the district court both concluded, for different reasons, that § 10114(b) does not impliedly create a private cause of action. The magistrate judge concluded that nothing in § 10114(b) displays an intent to create either a private right or a private remedy. By contrast, the district court determined that the statute expresses Congress's intent to grant a private right

5

to hemp farmers like Serna but does not provide a private remedy to enforce that right. As explained below, we agree that § 10114(b) does not authorize an implied cause of action, but we base our conclusion solely on the private-rights inquiry. *See GF Gaming Corp. v. City of Black Hawk*, 405 F.3d 876, 882 (10th Cir. 2005) (noting our discretion to affirm Rule 12(b)(6) dismissal on any basis supported by the record, even if that basis is "somewhat different . . . than [the one] relied on by the district court").

Our assessment of whether Congress intended to grant Serna a private right begins with § 10114(b)'s text. *Sandoval*, 532 U.S. at 288 & n.7. To express such an intent, Congress must use "'rights-creating' language," *id.* at 288, which is language that "explicitly confer[s] a right directly on a class of persons that include[s Serna]," *Cannon v. Univ. of Chi.*, 441 U.S. 677, 690 n.13 (1979). Stated otherwise, § 10114(b)'s language must "create a federal right in [Serna's] favor." *Id.* at 688 n.9 (quoting *Cort v. Ash*, 422 U.S. 66, 78 (1975)).

Serna asserts that § 10114(b) "create[s] a private right for licensed farmers to be free from [s]tate and [t]ribal interference with the interstate transportation of their industrial hemp." Aplt. Br. 31. But § 10114(b) makes no mention of this purported class of "licensed [hemp] farmers." *Id.* It does not say, for example, that "licensed hemp farmers may transport hemp interstate," or that "no person shall prevent licensed hemp farmers from transporting hemp interstate." Instead, it says that "[n]o [*s*]*tate or Indian* [*t*]*ribe* shall prohibit the transportation or shipment of hemp" through their territory. § 10114(b) (emphasis added). *Sandoval* makes clear that such

6

language, which "focus[es] on the person regulated rather than the individuals protected," does not imply "'an intent to confer rights on a particular class of persons.'" 532 U.S. at 289 (quoting *California v. Sierra Club*, 451 U.S. 287, 294 (1981)); *see also Sierra Club*, 451 U.S. at 294 (finding no intent to create private cause of action in statute that provided "a general proscription of certain activities," with no "focus on any particular class of beneficiaries whose welfare Congress intended to further").

Faced with the statute's failure to mention his purported protected class, Serna attempts to analogize § 10114(b)'s terms to language in three statutes that the Supreme Court has recognized contain an implied cause of action. But the comparisons fail because those statutes, unlike § 10114(b), "expressly identifie[d] the class Congress intended to benefit." *Cannon*, 441 U.S. at 690. The statute addressed in *Cannon*, for instance—§ 901(a) of Title IX of the Education Amendments of 1972—referenced a protected class of persons subject to discriminatory educational practices: "No *person* . . . shall, on the basis of sex, be excluded from participation in . . . any education program or activity receiving [f]ederal financial assistance." *Id.* at 681–82 (emphasis added) (quoting 20 U.S.C. § 1681(a)). The Court emphasized not only that this "unmistakable focus on the benefited class" strengthened the case for implying a cause of action, but that the result may have been different had Congress instead "written [the statute] simply as a ban on discriminatory conduct by recipients of federal funds." *Id.* at 690–92.

Serna next points to § 601 of Title VI of the Civil Rights Act of 1964, but that

7

statute also referenced the protected class specifically: "No person . . . shall . . . be subjected to discrimination." *Sandoval*, 532 U.S. at 288 (quoting 42 U.S.C. § 2000d). So did the final statute Serna cites, § 5 of the Voting Rights Act of 1965: "[N]o person shall be denied the right to vote." *Allen v. State Bd. of Elections*, 393 U.S. 544, 555 (1969) (quoting 52 U.S.C. § 10304(a)). These examples, each involving statutes that expressly referenced a protected class, confirm that Congress did not intend to create a private right in § 10114(b), which focuses on regulated entities (states and tribes) and never mentions Serna's purported class of licensed hemp farmers.

In short, § 10114(b)'s text does not display a congressional intent to grant private rights to licensed hemp farmers. Because this conclusion, by itself, disproves the existence of an implied cause of action, we need not address whether Congress intended to create a private remedy; we accordingly end our analysis here.[3] *See Cuba Soil & Water*, 527 F.3d at 1064 (noting that "a cause of action does not exist" unless Congress intended "to create *both* a right *and* a remedy in favor of a plaintiff" (emphases added)). And because Serna has no cause of action under § 10114(b), the district court properly dismissed that claim under Rule 12(b)(6).

---

[3] Given our conclusion that § 10114(b)'s text lacks rights-creating language, we also do not consider whether, as Serna argues, the statute's legislative history conveys an intent to confer private rights on licensed hemp farmers. *See Sandoval*, 532 U.S. at 288 n.7 ("[T]he interpretive inquiry begins with the text and structure of the statute and ends once it has become clear that Congress did not provide a cause of action." (citation omitted)).

## II.    Leave to Amend

As a final matter, Serna argues that even if the district court properly dismissed his § 10114(b) claim, it should have allowed him to amend his complaint to add other potentially viable claims. We review the district court's decision to deny him such an opportunity for abuse of discretion, reversing only if the decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1282 (10th Cir.) (quoting *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009)), *cert. denied,* 142 S. Ct. 477 (2021).

We find Serna's argument unpersuasive. Under our precedents, dismissal without leave to amend is appropriate if "it would be futile to allow the plaintiff an opportunity to amend." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). And here, the district court concluded that an amendment would be futile because it would not cure the legal defect in the sole claim Serna asserted under § 10114(b); that is, it would not change the fact that the statute does not grant him a private cause of action.

Serna responds that, despite this flaw in his § 10114(b) claim, he could have amended his complaint to "change the cause of action to [42 U.S.C. § 1983] or another federal claim." Aplt. Br. 37. But adding a § 1983 claim would have been futile because a plaintiff cannot advance such a claim when, as here, the underlying statute does not create a private right. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) (holding that nothing "short of an unambiguously conferred right . . . support[s] a cause of action brought under § 1983"). Moreover, Serna only vaguely

9

requested such an amendment below: In a single sentence at the close of his objections to the magistrate judge's recommendation, Serna requested an amendment to add "a [§] 1983 claim as well as constitutional and common[-]law theories under which [he] may be made whole in addition to seeking equitable relief." R. 116. That fleeting request did not identify with specificity what the basis for those claims would be, and Serna never separately filed a motion with a proposed amended complaint adding those claims, as required by Federal Rule of Civil Procedure 15(a)(2) and District of Colorado Rule 15.1(b). Under these circumstances, the district court did not abuse its discretion in denying leave to amend.[4] *Brooks*, 985 F.3d at 1283 (explaining that "bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court").

## Conclusion

In sum, § 10114(b) of the 2018 Farm Bill does not create a private cause of action because its text addresses regulated entities and grants no private rights to a

---

[4] Serna's pro se status in the district court does not affect this conclusion. Serna argues that it is an abuse of discretion not to give a pro se plaintiff leave to amend if the complaint "fails to state a claim but could plausibly state an alternative [claim] under the facts alleged." Aplt. Br. 37. But the two Tenth Circuit cases he cites for that proposition both involved sua sponte dismissals of a pro se complaint, with no motion to dismiss filed by the defendant. *See Roman-Nose v. N.M. Dep't of Hum. Servs.*, 967 F.2d 435, 436, 438 (10th Cir. 1992); *Brown v. N.M. Dist. Ct. Clerks*, No. 97-2044, 1998 WL 123064, at *1–2 (10th Cir. Mar. 19, 1998). Here, on the other hand, defendants filed a motion to dismiss that notified Serna of the defect in his § 10114(b) claim, providing him with an opportunity to amend his complaint to add other, viable claims. *See Neitzke v. Williams*, 490 U.S. 319, 329–30 (1989). Instead, he chose to pursue his one and only claim under § 10114(b). Serna cites no authority that would have required the district court to allow an amendment under these circumstances.

protected class of which Serna is a member. Serna therefore cannot state a claim under § 10114(b), and the district court properly dismissed that claim under Rule 12(b)(6). It also properly denied leave to amend given that Serna only vaguely requested an amendment, he did not comply with the procedural requirements for filing such a request, and his proposed amendment would have been futile. Accordingly, we affirm the district court's order dismissing Serna's complaint with prejudice.