**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DANIELA BOWMAN,

    Plaintiff - Appellant,

v.

CORDELIA FRIEDMAN,

    Defendant - Appellee.

No. 23-2115
(D.C. No. 1:21-CV-00675-JB-SCY)
(D. N.M.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

After a state court dismissed Daniela Bowman's lawsuit against the New Mexico Taxation and Revenue Department (the "Department") and the dismissal was affirmed on appeal, she filed a pro se federal lawsuit against Cordelia Friedman, the lawyer who had represented the Department. Ms. Bowman alleged that in defending the Department, Ms. Friedman violated her Fourteenth and Fourth Amendment

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rights. The district court dismissed the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and denied her motion for reconsideration. Ms. Bowman appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

### A. *State Court Proceedings*

Ms. Bowman sued the New Mexico Taxation and Revenue Department in state district court for recovery of gross receipt taxes she had paid in 2017. Cordelia Friedman, an attorney for the Department, was assigned to the case.

Ms. Bowman alleged the issue to be determined was "whether [she] was an employee or independent contractor at the company [where] she worked in 2011, an employment issue not a tax issue." ROA at 8. During discovery, the Department requested the production of Ms. Bowman's federal income tax return to "review whether . . . [Ms. Bowman] took deductions on her Federal Return consistent with having business income rather than wage income." *Id.* at 13 (emphasis and quotations omitted).

Ms. Bowman, contending the tax return was irrelevant, refused to produce it. The Department moved to compel production. On July 19, 2018, the court held a hearing and ordered Ms. Bowman to produce the tax return or provide proof she had requested it from the IRS. When Ms. Bowman refused to sign an order reflecting the court's ruling, the court held a second hearing and entered an order compelling the production of the tax return by July 31, 2018.

2

After Ms. Bowman failed to comply with the court's order, the Department moved for dismissal of the lawsuit as a sanction. In response, Ms. Bowman asserted the tax return was privileged. After a third hearing, the court rejected that assertion and ordered Ms. Bowman to request a copy of her tax return from the IRS by October 5, 2018. Ms. Bowman alleges now that she was not permitted to leave the courtroom until she completed the request.

Ms. Bowman failed to submit the request by the deadline, so the Department renewed its motion. On November 1, 2018, the court held a fourth hearing, determined Ms. Bowman had not complied with the court's discovery orders, and dismissed the case. Ms. Bowman appealed. The New Mexico Court of Appeals affirmed. The New Mexico Supreme Court denied Ms. Bowman's petition for writ of certiorari.

## B. *Federal District Court Proceedings*

After the state litigation concluded, Ms. Bowman sued Ms. Friedman in federal district court under 42 U.S.C. § 1983, alleging that Ms. Friedman had violated her rights under the Fourteenth and Fourth Amendments during the state court proceedings.

In support of her Fourteenth Amendment claim, she alleged that Ms. Friedman made false statements to the court concerning the relevancy of Ms. Bowman's federal tax return, causing the district court to dismiss her lawsuit and thereby deprive her of a due process right to a decision on the merits.

3

Ms. Bowman claimed Ms. Friedman violated her Fourth Amendment rights because the discovery order Ms. Friedman obtained compelling the production of her tax return amounted to an unlawful "search and seizure." ROA at 26 (quotations omitted). She also alleged that, because of Ms. Friedman's arguments, the court detained her in the courtroom until she signed a tax return request form.

Ms. Friedman moved to dismiss, arguing that Ms. Bowman (1) failed to state a claim for procedural due process because she received all the process she was due, and (2) failed to state a Fourth Amendment claim because no seizure occurred. The magistrate judge recommended granting the motion, and the district court adopted the recommendation over Ms. Bowman's objections. Ms. Bowman then filed a motion for reconsideration. The magistrate judge recommended denying the motion, and the district court again adopted the recommendation over Ms. Bowman's objections. This appeal followed.

## II.  **DISCUSSION**

We review a Rule 12(b)(6) dismissal de novo. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 (10th Cir. 2023). We accept as true all well-pleaded facts in Ms. Bowman's complaint, view them in the light most favorable to her, and draw all reasonable inferences in her favor. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). We do not, however, assume the truth of conclusory allegations. *See id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

4

*Twombly*, 550 U.S. 544, 570 (2007)); *see Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020).[1]

### A. *Fourteenth Amendment Claim*

"We engage in a two-step inquiry in determining whether an individual's procedural-due-process rights were violated:  (1) Did the individual possess a protected property interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process?"  *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006) (brackets and quotations omitted).  The district court concluded the due process claim fails because, even assuming Ms. Bowman had a protected property interest, she received all the process she was due under the Fourteenth Amendment.  We agree.

"[O]rdinarily one who has a protected property interest is entitled to some sort of hearing before the government acts to impair that interest, although the hearing need not necessarily provide all, or even most, of the protections afforded by a trial."  *Id.* at 1220.  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotations omitted).

The allegations in Ms. Bowman's complaint show she was afforded a meaningful opportunity to be heard in state court.  Over six months, she engaged in

---

[1] Because Ms. Bowman proceeds pro se, we liberally construe her filings, but we do not assume the role of advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

discovery, filed multiple pleadings, and addressed the state district court judge in at least four hearings.  She appealed and received a written decision from the New Mexico Court of Appeals.  Ms. Bowman was afforded an appropriate level of process.[2]

Citing a New Mexico Supreme Court case, Ms. Bowman argues that she was entitled to no fewer than seven procedural safeguards.  Aplt. Opening Br. at 18 (quoting *Bd. of Educ. v. Harrell*, 882 P.2d 511, 519 (N.M. 1994)).  The *Harrell* decision, however, merely quoted a passage of an administrative treatise, which listed "[t]he essential elements of the adversary process, some or all of which may be required."  882 P.2d at 519.  The court observed that "[d]ue process considerations are flexible" and "the circumstances of the case determine the requirements."  *Id.*  *Harrell* does not support Ms. Bowman's assertion that she was entitled to every listed safeguard, particularly when she circumvented the usual process by disobeying the state court's orders and was afforded the right to appeal the dismissal of her case to the New Mexico Court of Appeals.

Ms. Bowman also argues she was entitled to a written decision in her state court litigation, citing a state statute setting forth the procedures for claiming a tax refund.  *See* N.M. Stat. Ann. § 7-1-26 (West 2023).  Under § 7-1-26(E), a person seeking a refund

---

[2] Ms. Bowman additionally argues that she sufficiently pled a procedural due process claim because Ms. Friedman's alleged perjury in the state district court tainted the court proceedings.  Aplt. Opening Br. at 26.  But the alleged perjury did not prevent Ms. Bowman from receiving a meaningful opportunity to be heard.

may pursue either an administrative protest or a civil action in state district court. In an administrative protest, the statute requires a written decision on the merits. *See* § 7-1B-8(I). Ms. Bowman insists, without citation to any authority, that the procedures for an administrative protest apply to taxpayers who pursue a civil action in state district court. Under this logic, one could commence a civil action under § 7-1-26(E), defy all of the court's discovery orders, and still be entitled to a ruling on the merits. We reject this argument as lacking reason or merit. Having chosen a civil action, Ms. Bowman was subject to the procedural requirements set forth in the New Mexico Rules of Civil Procedure, including the discovery and sanctions provisions.[3]

In sum, we discern no error in the district court's dismissal of Ms. Bowman's Fourteenth Amendment claim.

## B. *Fourth Amendment Claim*

"To state a claim under the Fourth Amendment, plaintiffs must show both that a seizure occurred and that the seizure was unreasonable." *Childress v. City of Arapaho*, 210 F.3d 1154, 1156 (10th Cir. 2000) (quotations omitted).[4] Ms. Bowman maintains that, based on the discovery order, Ms. Friedman seized her "private papers." Aplt.

---

[3] Ms. Bowman alleges, without evidence, that no other New Mexico taxpayer has been denied a decision on the merits of their claim for a tax refund. She does not allege that any other New Mexico taxpayer has defied a state district court's discovery order and was still afforded a decision on the merits.

[4] The Fourth Amendment applies against state officials as incorporated through the Due Process Clause of the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

Opening Br. at 31.  The record shows, however, that Ms. Bowman never produced the tax

return that was the subject of the discovery order.[5]  And although she asserts in her

opening brief that Ms. Friedman seized the IRS form Ms. Bowman had filled out, her

complaint contains no such allegation.  We agree with the district court that Ms. Bowman

failed to allege a seizure of any of her tax documents.

Ms. Bowman also alleges she was arrested within the meaning of the Fourth

Amendment.  But she does not allege that Ms. Friedman detained her.  Instead, she

contends the state district court detained her as a result of Ms. Friedman's legal

arguments, which Ms. Bowman characterizes as "false statements."  ROA at 17.

Ms. Bowman cites decisions finding a Fourth Amendment violation for a law

enforcement officer to make false statements knowingly or recklessly in support of a

search warrant if the statements were material to the finding of probable cause.  *See, e.g.*,

*Briedenbach v. Bolish*, 126 F.3d 1288, 1292 (10th Cir. 1997).  Such decisions, however,

have no application to a discovery order alleged to have been fraudulently obtained in a

civil lawsuit.  And the state court's instruction to Ms. Bowman to remain in the

courtroom after the third hearing to sign a tax form request document in compliance with

the court's order was reasonable under the Fourth Amendment.  *See Brigham City v.*

*Stuart*, 547 U.S. 398, 403 (2006) (stating "the ultimate touchstone of the Fourth

---

[5] Ms. Bowman argues at length that her claim for a tax refund in New Mexico district court did not place her tax return at issue and she therefore maintained an expectation of privacy in her tax return.  But because she never produced the return, we need not address this argument.

Amendment is 'reasonableness'"); *In re Jade G.*, 30 P.3d 376, 382 (N.M. App. 2001) ("a court may exercise authority that is essential to the court's fulfilling its judicial functions").

Because Ms. Bowman failed to adequately allege that any unlawful seizure occurred, we agree with the district court that Ms. Bowman failed to state a Fourth Amendment claim for which relief may be granted.

## III.  CONCLUSION

We affirm the district court's dismissal of Ms. Bowman's claims.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge