**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 27, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TOBIN BEREZNAK,

    Plaintiff - Appellant,

v.

ARROW ELECTRONICS, INC.,

    Defendant - Appellee.

No. 24-1394
(D.C. No. 1:23-CV-01318-DDD-JPO)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Plaintiff Tobin Bereznak sued his former employer, Defendant Arrow

Electronics, Inc. ("Arrow"), under the Americans with Disabilities Act, 42 U.S.C.

§§ 12101–213.  The district court granted Arrow's motion to dismiss, and

Mr. Bereznak has timely appealed.  Exercising jurisdiction under 28 U.S.C. § 1291,

we affirm.

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

Mr. Bereznak started working as an engineer for Arrow in 2018.  On September 8, 2021, Arrow sent an email to its Colorado employees regarding COVID-19 health and safety guidelines.  It explained Arrow would require its employees to be vaccinated by December 1, 2021.

After he received the email, Mr. Bereznak communicated his objections to the policy.  He served two documents on Arrow's registered agent in which he argued Arrow had no legal authority to compel testing or vaccination, and he had not consented to any medical interventions.  He also asserted he reserved his right to refuse vaccination on religious and moral grounds and demanded accommodations for his religious beliefs, including being exempted from the vaccination, testing, and mask-wearing requirements.

On October 25, 2021, Arrow sent another company-wide email advising that employees who had not registered their vaccination status by December 1, 2021, would be terminated on December 2, 2021.  Mr. Bereznak did not report his status by the deadline, and he was fired the next day.

Mr. Bereznak then filed an EEOC complaint alleging religious discrimination, but he later abandoned that claim and instead asserted claims under the ADA.  The EEOC sent him a right-to-sue letter on February 24, 2023.  Mr. Bereznak then filed a complaint against Arrow in federal district court, asserting three ADA claims: (1) disability discrimination, (2) retaliation on the basis of disability, and (3) violation of the ADA's prohibition on disability-related medical inquiries.  Arrow

moved to dismiss the complaint, and a magistrate judge issued a recommendation that the motion be granted. Mr. Bereznak filed objections to the recommendation, but the district court overruled them, adopted the recommendation in full, and granted Arrow's motion to dismiss. This appeal followed.

## II. Discussion

Mr. Bereznak asserts the abuse-of-discretion standard applies to his appeal, but we review a Rule 12(b)(6) dismissal de novo. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 (10th Cir. 2023). We accept as true all well-pleaded facts in the complaint and view them in the light most favorable to Mr. Bereznak. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). But we do not assume the truth of conclusory allegations. *See id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Because Mr. Bereznak proceeds pro se, we liberally construe his filings, but we do not act as an advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### A. Disability Discrimination

The ADA protects not just employees who are disabled, but also those who are discriminated against because they have "a record of such an impairment" or are "regarded as having such an impairment." 42 U.S.C. § 12102(1)(B)-(C). Mr. Bereznak alleged Arrow discriminated against him because it "regarded" him as being impaired or because it treated him as having a "record of such an impairment."

The district court held he did not plausibly allege either of these theories.  In his briefing, Mr. Bereznak disclaims any intention of challenging the district court's ruling on these theories.  Therefore, he has affirmatively waived any challenge to the district court's dismissal of his disability discrimination claim, and we affirm.

### B.  Retaliation

Mr. Bereznak alleges a claim of ADA retaliation based on his opposition to Arrow's COVID-19 policy.  To plead a prima facie case of ADA retaliation,[1] a plaintiff must plausibly allege that: (1) he engaged in protected opposition to discrimination, (2) he suffered an adverse employment action as a result, and (3) there is a causal connection between the protected activity and the employer's action.  *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1209 (10th Cir. 2018).  The district court dismissed Mr. Bereznak's retaliation claim because he failed to plausibly allege a causal connection between his opposition to the vaccination policy and Arrow's adverse employment action.  We agree with the district court's conclusion.

The plaintiff has the burden of showing but-for causation, *see Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 346-47 (2013), which "must be based on more than mere speculation, conjecture, or surmise," *Lincoln*, 900 F.3d at 1209.  Mr. Bereznak asserts he was fired for his opposition to Arrow's vaccination policy,

---

[1] We reject Mr. Bereznak's insistence that Arrow had the burden at the pleading stage to demonstrate compliance with the ADA.  That burden clearly rests with the plaintiff.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191-92 (10th Cir. 2012) (discussing plaintiff's burden to set forth a plausible claim); *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1209 (10th Cir. 2018) (describing what *plaintiff* must demonstrate in order to establish a prima facie case of ADA retaliation).

but he failed to plausibly allege that but for his opposition he would not have been terminated. To the contrary, his pleadings and response to Arrow's motion to dismiss make clear he was discharged for failing to comply with Arrow's policy. *See* R. at 19, ¶ 111 (alleging he was told he was fired for failing to provide his vaccination status); *id.* at 33, ¶ 226 ("each adverse employment action described herein was causally related to plaintiff's good faith refusal of the mitigation measures"); *see also id.* at 160 ("[W]hen he did not comply with the demands of the Covid policy he was retaliated against and fired. There was no other reason he [was] terminated").

Mr. Bereznak argues the district court failed to address his allegations that Arrow retaliated against him by imposing qualification standards for employment (e.g., vaccination requirements) "that are unrelated to performing the essential functions of the job." Opening Br. at 7. But by the terms of his own allegations, those standards were applicable to *all* employees. "[A]llegations of adverse actions that occur as a result of generally applicable workplace policies fail to state a retaliation claim." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 171 (2d Cir. 2024) (internal quotation marks omitted). This is "because absent allegations of more direct hostile conduct, a reasonable employee would not be dissuaded from taking protected action simply because he is subject to the same policies as other employees." *Id.* (brackets and internal quotation marks omitted).

Mr. Bereznak also insists the district court erred because it was required to accept as true his allegation that his termination was retaliatory. The law says otherwise. As the Supreme Court has held, for purposes of a motion to dismiss,

courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The district court was not required to accept as true the bald assertion that the termination was retaliatory. Indeed, as discussed above, Mr. Bereznak's own allegations establish that his opposition to Arrow's policy was not the but-for cause of his termination.

### C. Medical Inquiries

Mr. Bereznak's third claim is that Arrow violated the ADA's prohibition on disability-related medical inquiries by imposing on its employees, including Mr. Bereznak, a vaccination attestation requirement. The ADA provides that an employer "shall not make inquiries of an employee as to whether such employee is an individual with a disability . . . unless such . . . inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). As the district court correctly noted, this provision by its terms forbids only those inquiries relating to an individual's disability. And being unvaccinated against COVID-19 or being perceived as having COVID-19 are not disabilities under the ADA. *See Sharikov*, 103 F.4th at 169 ("[The plaintiff] does not explain how adopting measures to prevent the spread of a communicable disease implies an impairment, and he cites no case law equating prophylactic measures with assumptions of disability."). Accordingly, we agree with the district court that Mr. Bereznak failed to allege a cause of action for violation of § 12112(d).

### III. Conclusion

We affirm the dismissal of Mr. Bereznak's complaint.

Entered for the Court

Nancy L. Moritz
Circuit Judge