**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JOHN W. WINNINGHAM, JR.,

    Plaintiff - Appellant,

v.

CITY OF BROKEN ARROW,
OKLAHOMA; LANNY LNU; LEON
RADEMACHER; CITY OF SALLISAW,
OKLAHOMA; COUNTY OF TULSA,
OKLAHOMA; STOREY WRECKER
SERVICE INC.; CHAD BLANCHETT;
LYNETTE WHITE; RONALD LNU;
TARA BASHAW; TIFFANY JESSE;
SCOTT BENNETT; DENNIS SPROUSE,

    Defendants - Appellees.

No. 25-5077
(D.C. No. 4:24-CV-00062-JDR-CDL)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.[**]

_____

Mr. Winningham appeals from the district court's judgment dismissing his suit

against the various Defendants.  Exercising jurisdiction under 28 U.S.C. § 1291, we

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

affirm.

Mr. Winningham was arrested in July 2018.  He claims that Defendants violated his civil rights under color of state law, 42 U.S.C. § 1983, various criminal statutes, and the federal Racketeer Influenced and Corrupt Organizations (RICO) statute.  He seeks the return of certain property he claims was stolen and $10 million in damages.

Defendants City of Broken Arrow, Scott Bennett, Tiffany Jesse, and Leon Rademacher moved to dismiss and the district court granted their motion, dismissing the claims against them with prejudice.  The district court held that Mr. Winningham's claims under § 1983 and RICO were time-barred and that various federal criminal statutes do not create a private right of action.  R. 320–22.  The district court then dismissed the remaining Defendants because they had not been served properly.  R. 322–23.  Although noting that Mr. Winningham had filed five similar complaints that were dismissed for a variety of reasons, the court declined to impose filing restrictions requested by the moving Defendants.  R. 324.  It warned Mr. Winningham that it might impose filing restrictions should he continue to file frivolous complaints.  Id.

On appeal, the moving Defendants argue that Mr. Winningham has waived appellate review because his brief on appeal is non-compliant with Federal Rule of Appellate Procedure 28 and fails to address the district court's decision.  Nixon v. City & Cnty. of Denver, 784 F.3d 1364, 1366 (10th Cir. 2015) (noting that allegations of injustice "cannot substitute for legal argument").  Addressing the

merits, they contend that Mr. Winningham's claims are time-barred and that various federal criminal statutes relied upon by Mr. Winningham do not create an implied right of action.

We review the district court's dismissal of Mr. Winningham's claims against the moving Defendants de novo. Serna v. Denver Police Dep't, 58 F.4th 1167, 1169 (10th Cir. 2023). We will affirm that dismissal for substantially the same reasons given by the district court. As to the dismissal of the remaining Defendants for lack of service, we review for an abuse of discretion. Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995). Finding no abuse of discretion (particularly given that the district court granted extensions of time to serve), we will affirm that decision also.

Therefore, the judgment is AFFIRMED. We deny Mr. Winningham's motion to proceed in forma pauperis for failure to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

3